WATKINS *v.* CITY OF LITTLE ROCK CIVIL SERVICE COMMISSION.

4-6142 146 S. W. 2d 159

Opinion delivered January 6, 1941.

*Malcolm K. Russell* and *Sam T. & Tom Poe,* for appellant.

*Cooper Jacoway,* for appellee.

HUMPHREYS, J. Appellant, Ivy Watkins, was employed as an electrician by the City of Little Rock under and pursuant to Act 322 of the Acts of the General Assembly of 1937, entitled:

"An act to create a Board of Civil Service Commissioners for cities which, according to the last Federal census taken, have a population of 75,000 or over; to have control, management and jurisdiction of the employees of said cities, except the employees of the fire and police department; to define the duties and power of said Commission, and other purposes."

This act established a board of Civil Service Commissioners in cities of 75,000 or more and prescribed rules for the employment and discharge of city employees, except in certain cases, and defined the powers and duties of the commissioners.

On September 14, 1939, appellant was given written notice by the Civil Service Commission that he was charged with violating certain rules of said commission

specifically setting out the ones he had violated. In the notice he was informed that unless he denied the charges within ten days and demanded a trial the charges would be treated as confessed and punishment would be imposed by said commission.

On September 18, 1939, he wrote the following letter to the commission: "I desire a trial upon the charges and want an opportunity to present my side of the matter. However, at this time I am under the care of Dr. J. K. Donaldson who tells me that it will be impossible for me to get out of bed until about September 23rd.

"I will appreciate it if you will set this case in line with the above date and at the same time consider this my answer denying all of the charges and my request for a hearing as soon as my doctor will permit me to get up."

Attached to this letter was a statement from Dr. Donaldson as follows: "Mr. Watkins could report now, but I do believe unless the matter was urgent that I would give him a few more days."

On September 21, 1939, the director of the commission notified Watkins as follows: "Please be advised that hearing for which you requested has been set for October 6, 1939, at 4:00 p. m."

On September 26, 1939, the commission notified Watkins as follows: "Due to the fact that one of the Commissioners has been called out of town the 6th of October, the hearing for which you requested has been set up to October 11, 1939, at 4:00 p. m."

On October 11, 1939, the Board of Civil Service Commissioners entered an order discharging Ivy Watkins from further service with the city from which appellant appealed to the circuit court on November 3, 1939.

On November 3, 1939, appellant filed his motion to quash the proceedings alleged to have been had before the commission, with the Civil Service Commission. The commission refused to hear Watkins' motion to quash, and the same motion was filed in the Pulaski circuit court on November 10, 1939.

The record does not reflect the contents of the motion filed on November 3, 1939, before the commission, but appellant states that the motion was in substance the same as the motion he filed November 10, 1939, in the circuit court, which motion is as follows:

"Ivy Watkins states that the Little Rock Civil Service Commission was without authority or jurisdiction to hold a trial on the 11th day of October, 1939, on charges filed against him on the 15th day of September, 1939, or to enter any order or decision discharging him from his employment, and for his reasons he states and specifically pleads the provisions of Act No. 322 of the Acts of the General Assembly of Arkansas, 1937, § 5 thereof, which reads in part as follows: 'That no employee of any department of any city affected by this Act shall be discharged or reduced in rank or compensation without being notified in writing as provided herein; that such person shall have the right to reply and trial as provided herein, and may be discharged or reduced only after conviction by said trial before the Commission.

" 'Said trial must take place within fifteen days after demand for such is made, and the accused must be notified at least ten days prior to the trial of the date and place of said trial, and may have compulsory process to have witnesses present at such trial.'

"Ivy Watkins states further that he specifically objected to the proceedings had by the Little Rock Civil Service Commission, on the 11th day of October, 1939, but that he was called as a witness by the deputy city attorney, and there testified in the matter, over his specific objection, which objection was, and the same is hereby pleaded, that the Little Rock Civil Service Commission lost authority and jurisdiction over said matter, and lost authority and jurisdiction to hold a trial on said charges, or give any valid or lawful order or decision thereon by reason of their failure and refusal to hold a trial within fifteen days after demand therefor, pursuant to the statute authorizing a Civil Service Commission.

"Wherefore, premises considered, Ivy Watkins prays that the proceedings, order and/or decision of the Little Rock Civil Service Commission alleged to have been had on the 11th day of October, 1939, be set aside, vacated, and forever held for naught, and that such charges filed against him on the 15th day of September, 1939, be dismissed for failure to prosecute pursuant to § 5 of Act 322, of the Acts of the General Assembly of Arkansas, 1937.

"(signed) Malcolm K. Russell

of SAM T. & TOM POE.

"I, Ivy Watkins, swear under oath that the facts set out in the foregoing motion are true and correct.

"I. D. Watkins.

"State of Arkansas,
"County of Pulaski.

"Subscribed and sworn to before me on this 3rd day of February, 1940, by Ivy Watkins, Petitioner.

"Tom Newton, Clerk

"By V. S. O'Neal, D. C."

The City of Little Rock, moved the circuit court to dismiss Watkins' motion assigning the following reasons:

"(1) Failure of Commission to hold its hearing at an earlier date was due to Watkins' physical condition.

"(2) Watkins has waived any rights he may have had by his consent and conduct at the hearing.

"(3) The hearing before the Commission was held within fifteen days after Watkins' suspension."

The case went to trial upon the motion of appellant and the response thereto by the city and upon evidence which was introduced in the circuit court over the objection of appellant, in substance, as follows:

W. L. May, Personnel Director of the City of Little Rock, testified that he notified Watkins of the charges filed against him and received Watkins' reply demanding a trial, that he notified Watkins the trial would be

heard on October 6, and that sometime thereafter he talked with Watkins over the telephone when he told him the trial would be postponed until October 11th because one of the Commissioners would be out of town on the 6th. Then, on September 26th, he wrote Watkins a letter telling him of the resetting of the trial. He was present before the Commission, and that Watkins did not object at the time of the trial.

George Shepherd, a witness for appellee, testified that he was before the commission on October 11, representing a client of his; that Watkins announced ready for trial and made no objection to the procedure.

L. E. Newland, City Electrician, a witness for appellee testified he was a witness before the commission on October 11th; that Watkins announced for trial and made no objection to the proceedings.

This constituted all the testimony appellee introduced, and appellant declined to introduce any testimony or to cross-examine appellee's witnesses. The appellant objected to the introduction of all the testimony and moved the court to strike the testimony.

Thereupon the circuit court affirmed the action of the commission, and the petitioner excepted and prayed an appeal to this court which was granted and time given to file a bill of exceptions. The bill of exceptions was filed within the time allowed, and an appeal has been duly prosecuted to this court.

Appellant insists that the judgment of the circuit court refusing to disturb the action of the Civil Service Commission in dismissing the appellant from service of the city should be reversed because under the act the commission lost its jurisdiction to try appellant when it failed to try him within fifteen days after he demanded trial.

The part of the act invoked to sustain appellant's insistence or contention is as follows: ". . . that no employee of any department of any city affected by this Act shall be discharged or reduced in rank or compensation without being notified in writing as provided

herein. That such person shall have the right of reply and trial as provided herein, and may be discharged or reduced only after conviction by said trial before the Commissioner. Said trial must take place within fifteen days after demand for such is made, and the accused must be notified at least ten days prior to the trial of the date and place of said trial . . ." Section 5.

It is true the act says "Said trial must take place within fifteen days after demand for such is made . . .", but it does not say that the commission shall lose its jurisdiction to try the cause at a later date if good cause is shown. Even though the statute is mandatory the mandatory features thereof should be construed to mean the trial must take place within fifteen days after the demand for trial unless some unforeseen eventuality prevents. If, for example, the employee against whom charges had been preferred became seriously ill so he could not attend the trial or two of the commissioners became seriously ill and could not hold the trial, it would certainly be unreasonable to construe the statute to mean that the tribunal having jurisdiction of the subject matter and person of the employee would lose jurisdiction at the expiration of the fifteen day period. The Legislature never intended that under such circumstances an employee who violated the rules might escape punishment because he was not tried within fifteen days from the day he demanded a trial. The Legislature meant that under ordinary circumstances the trial must take place within fifteen days after demand for trial. We do not say that the statute means that the commission may use its own sweet pleasure in trying an employee when it pleases, but we do say that conditions might arise where the tribunal would be warranted in setting the case down for trial at a later date than the-expiration of the fifteen days specified in the statute without losing jurisdiction over the subject matter and the person of the employee.

In the instant case the case was set down for trial a few days after the expiration of the fifteen day period on account of the illness of appellant. Not only so, but appellant appeared at the trial before the Commissioners

without objection and testified in his own behalf and did not raise the question of the commission's right to try him on October 11, 1939, until nearly a month after he lost his case. The letters which passed between the commission and appellant reflect that the case was set down beyond the fifteen day period in order to accommodate appellant and for his benefit. As we read this record appellant appeared on October 11, 1939, before the commission and testified and raised no question as to the jurisdiction of the commission at that time, and it was not until after he lost his case that he raised the technical point that the commission had no right to try him or lost its jurisdiction to try him because the trial was not held within the fifteen day period provided in the statute.

It would be a very narrow and unreasonable construction of the statute to hold that the Legislature meant and intended that the Board of Civil Service Commissioners would lose its jurisdiction to try an employee upon charges preferred against him a reasonable time beyond the fifteen day period under all circumstances and especially under the circumstances in this case. Appellant clearly waived the question of jurisdiction of the board by appearing on October 11, 1939, before the Commission and testifying in his own behalf without intimating or suggesting that the board had lost its jurisdiction to try him by not trying him within fifteen days after his demand for a trial. He was given as speedy a trial as the condition of his health permitted. In fact, according to this record the short delay beyond the fifteen day period in trying appellant was in response to his own request. By his own conduct he was clearly estopped from raising the jurisdictional question now raised. He should have raised it at the time of his trial and not almost a month after he had lost his case.

No error appearing, the judgment of the trial court is affirmed.