ALBERT CAPALDO *vs.* JOSEPH C. SCUNCIO *et al.*

JULY 29, 1954.

PRESENT: Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a petition for certiorari to review the action of the bureau of licenses of the city of Providence in suspending for cause the hackney carriage driver's license of the petitioner. In response to a citation to appear and show cause why certiorari should not issue the members of the bureau duly appeared and, as if certiorari had actually issued, they certified for our inspection their records and papers relating to such suspension.

The return shows that the license was suspended after a hearing before the bureau at which petitioner was found guilty of violating the following sections of the traffic regulations of the city of Providence:

"Sec. 3. Obedience to Police. It shall be unlawful for any person to refuse or fail to comply with any order, signal or direction of a police officer, either in uniform or displaying an official police badge."

"Sec. 25. Hackney Carriages Prohibited from Parking Except in Designated Stands. It shall be unlawful for the operator of any hackney carriage to park upon any street at any place other than at an officially designated hackney carriage stand except while under actual hire."

According to the evidence presented at the hearing he parked his hackney cab at a parking meter in front of the

railroad station about 5 a.m. on August 10, 1953 and was soliciting passengers for his cab when he was told to move by a police officer. He refused to do so and informed the officer that he had a right to stay there. The petitioner testified that he was not soliciting passengers; that his cab was lawfully parked at the parking meter; and he denied that he was told to move.

The hearing was held on August 21, 1953 before only two members of the bureau, the third member, commissioner John B. Dunn, being absent. The petitioner was duly notified of the charges made against him, was represented by counsel, and was given a full and fair opportunity to present evidence in his own behalf and to cross-examine the witnesses against him. At the conclusion of the hearing the bureau took the case under advisement. On August 24, 1953 the two members who heard the case found petitioner guilty of each charge and as penalty therefor suspended his license for one week. However, before notifying him of their decision they apprised commissioner Dunn of it and he added his approval.

In his petition, petitioner set out numerous objections to the bureau's proceedings, generally to the effect that they were arbitrary, illegal, unconstitutional, and void. But in his brief and in his oral argument before us he relied solely on the following points: First, that his right to due process was violated by virtue of commissioner Dunn's participation in the decision notwithstanding that he had not heard the evidence or arguments; and secondly, that the evidence before the bureau was not legally sufficient to prove the alleged violations of sections 3 and 25 of the traffic regulations. Only those points will be considered here, since the specific grounds of objection set out in the petition not having been briefed or argued are deemed to be waived.

In support of his first point, petitioner argues that commissioner Dunn's joining in the decision rendered it illegal and void on the principle of law that one who decides

must hear. For this contention he relies principally on *Morgan* v. *United States,* 298 U. S. 468. That case unquestionably so states the law but it is not in point on the facts here. There the decision below was reversed because the officer who made it neither heard nor considered the evidence or the arguments. In the case at bar the bureau's decision was made by a quorum of its members who heard all the evidence and the arguments. The absent member did not actually participate in the making of the decision but merely approved of it in an administrative manner as chairman after he was apprised of what had already been decided. We, therefore, find no merit in petitioner's first point.

The second point is also clearly without merit. While it is so phrased as to suggest a question of law it really raises a question of fact. On certiorari this court is not concerned with such a question. If there is some legal evidence on which the decision below could be based we will not disturb it. There is evidence in the record here that petitioner was soliciting passengers for his cab while it was parked at a place prohibited by the provisions of section 25. There is also evidence that contrary to the provisions of section 3 he refused to remove his cab from such place when so ordered by a police officer. It is true that petitioner denied he had been ordered by the officer to move, but such conflict in the evidence was solely for the bureau to resolve since on certiorari we do not weigh the evidence or pass upon the credibility of the witnesses. Certiorari at common law brings up the record not for us to review the facts found below but for our inspection solely for errors of law. *Aldee Corp.* v. *Flynn,* 72 R. I. 199. We have found no such errors in the present record.

The petition is denied and dismissed, and the records and papers certified to this court are ordered sent back to the respondents with our decision endorsed thereon.

244

*Abraham Beacken,* for petitioner.

*William E. McCabe,* City 'Solicitor, Harry Goldstein, Ass't City Solicitor, for respondents.