LEO GARTSU *vs.* KENNETH A. WALSH *et al.*

JUNE 18, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a petition for certiorari to review the action of the personnel board of the city of Woonsocket upholding a suspension of the petitioner, as captain of the police department, by the director of public safety of said city because of his alleged failure to comply with an order of the chief of police to report for duty in full police uniform. The writ was issued and in compliance therewith the pertinent records have been certified to this court.

It appears from the record that by letter dated August 1, 1958 the director of public safety notified petitioner that as a result of a report made to him by the chief of police, hereafter called the chief, the petitioner was "indefinitely suspended" from police duty because of his failure to comply with the chief's order to report for duty in full police uniform. In the same letter the director stated that he was taking this action in accordance with the provisions of section XI, paragraph A, of the personnel code. The petitioner's appeal from the suspension order was denied by the personnel board. In upholding the director's decision, the board stated in substance that his action was in compliance with said sec. XI, par. A.

The petitioner prays that the record of the action of the board be quashed, that the board be ordered to overrule the director's suspension of petitioner, and that they be directed to order the reinstatement of petitioner as cap-

258

tain. He bases his request for relief on several grounds. However, we shall consider only his contention that the director of public safety exceeded his authority in issuing an indefinite suspension order, because we agree with petitioner's contention on this issue and a determination thereof is decisive of the instant petition.

The pertinent portions of sec. XI, par. A, read as follows:

"Suspension: A Classified Employee may be suspended by an Appointing Authority for a reasonable time without pay, if he is unable or unwilling to perform his duties satisfactorily, or he has committed acts to the prejudice of the service of the City, or has failed to perform acts that were his duty to perform, or his services rendered are below satisfactory standards, or otherwise, has become subject to disciplinary or corrective measures. The Appointing Authority may delegate his authority to the division heads who may suspend an employee for not more than three days or until the matter may be referred to the Appointing Authority, whichever period is shorter, when the Appointing Authority shall take such action as necessary."

We shall discuss only the evidence which relates to the question of whether the suspension order is in compliance with sec. XI, par. A. The petitioner has been a member of the police department since 1929 and a captain since 1945. On or about December 23, 1957 he returned to his duties after having been separated therefrom for reasons not material to the issues in this action. See *Gartsu* v. *Coleman*, 82 R. I. 103. It appears from the evidence that on that date the chief assigned petitioner to desk duty in the uniform division; that he remained on such duty from that time until April 6, 1958 when he went on vacation for compensatory time; and that he reported back for duty on August 1, 1958. The petitioner admits that he did not wear a uniform on duty from December 23, 1957 to April 6, 1958.

There is a conflict in the testimony as to when the chief ordered petitioner to obtain a uniform. The chief testified

that on December 23, 1957 he informed petitioner that he was assigned to the uniform division; that he would have to get his uniform; and that he would be granted time to obtain it. The chief also testified that on August 1, 1958 he notified petitioner that because of his failure to report to work in uniform he was suspended for the time being; that he reported this action to the director of public safety; and that subsequently on the same date the director sent petitioner a notice.

On the other hand petitioner testified that from December 23, 1957 to August 1, 1958 no one ordered him to get a uniform. He admitted that he had no uniform, but he testified that on August 1, 1958 the chief told him: "From now on if you don't wear a uniform you are not going to get paid." He also testified that on that date he did not hear the chief tell him he was suspended, and that he had never refused to buy a uniform. It is undisputed that sometime after 6 p.m. on August 1, 1958 petitioner received the written notice from the director of public safety, dated August 1, 1958, which notified him that he had been indefinitely suspended from police duty.

On the basis of this testimony, which in some respects was conflicting, the personnel board found that on December 23, 1957 the chief of police had ordered petitioner to report for duty in full police uniform; that such order was valid; and that petitioner's failure to comply therewith for more than seven months after it was given justified his suspension by the chief. After referring to the provisions of sec. XI, par. A, the board in effect held that the director of public safety was warranted in continuing the suspension until such time as petitioner complied with the chief's order to report for duty in police uniform. For these reasons the board upheld the decision of the director of public safety.

We are not concerned with the weight of the evidence or with questions of fact. On the basis of the conflicting

testimony the board's findings of fact are supported by legal evidence and cannot be disturbed by this court. *Capaldo* v. *Scuncio,* 82 R. I. 240. The question which we must determine is whether the order of the director of public safety "indefinitely" suspending petitioner is in compliance with the provisions of sec. XI, par. A.

The director of public safety is the appointing authority referred to in par. A. For the purposes of this discussion we shall assume that petitioner was by law required to wear a police uniform; that the chief had authority to order him to wear such uniform; that petitioner's failure to comply with such order justified disciplinary action by the chief and by the director of public safety under par. A; and that all other requirements of said section have been complied with by the chief and the director. The question remains whether the indefinite suspension ordered by the director of public safety is in compliance with the provisions of sec. XI, par. A, which gives the director, under certain conditions, power to suspend classified employees for a reasonable time without pay.

After carefully reading the decision of the personnel board, we are convinced that the board interpreted the indefinite suspension ordered by the director of public safety as a suspension for a reasonable time. The correctness of this interpretation is the principal issue before us. In our opinion the board's interpretation is in error. "Indefinitely suspended" does not mean suspended for a reasonable time. In fact an indefinite suspension is a suspension for an undetermined period of time. The pertinent language of par. A clearly requires, in cases where a suspension is warranted, that the appointing authority fix a definite period of time during which the suspension is to be in force. In this manner the question of whether such suspension is for a reasonable time, as required by par. A, can be determined.

Paragraph A also provides: "The Appointing Authority may delegate his authority to the division heads who may

suspend an employee for not more than three days or until the matter may be referred to the Appointing Authority, whichever period is shorter, when the Appointing Authority shall take such action as necessary." This portion of par. A does not remove the limitation imposed by the first sentence of such paragraph restricting the power of the appointing authority to suspend for a reasonable time. It may well be that the conduct of petitioner warranted disciplinary action. If that be true such action must be taken according to law. The indefinite suspension ordered by the director of public safety is in excess of the authority granted by sec. XI, par. A, and therefore is invalid. The respondent board consequently erred in upholding such suspension.

The petition for certiorari is granted, the record of the action of the respondent board denying the petitioner's appeal is quashed, and the records certified to this court are ordered sent back to the respondent board.

*John F. Doris*, for petitioner.

*Richard A. Baldwin*, City Solicitor, for respondents.