Donald Howland *vs.* Harold C. Thomas *et al.*

NOVEMBER 20, 1964.

Present: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

Condon, C. J. This is a petition for certiorari to review the action of the personnel appeal board of the city of

Cranston in deciding that the petitioner, a police officer of that city, was guilty of certain charges preferred against him by the mayor in his capacity as executive head of the police department. We issued the writ and in compliance therewith the respondents have returned for our inspection all of their records pertaining to their decision including a transcript of testimony taken at a formal hearing before them on such charges held in accordance with sec. 14.07 of the city charter.

It appears from the return that petitioner was relieved of duty by the chief of police on November 3, 1963 and notified to appear at the office of the mayor on November 5 "without an attorney." He appeared with his attorney who was not allowed to enter with him into the mayor's office. In the circumstances he refused to answer certain questions which the mayor addressed to him concerning matters relating to the operation of the police department. Upon his refusal to answer, the mayor advised him that he would be removed from the department. On November 6 petitioner was served with formal notice of removal. The mayor deemed petitioner's refusal as disobedience of an order from his superior officer, the mayor, which in effect he considered an act of insubordination.

The specific charges set out in the notice of removal are as follows:

"1. On the 2nd day of November, 1963, you were derelict in your said duties in that you notified Police Headquarters of certain alleged violations of the gambling laws and yet at no time did you take any steps to secure any evidence of any such violations or make any arrests in connection therewith.

"2. On the 2nd day of November, 1963, you were guilty of insubordination in that you did, without permission of and without consulting with your superior officers, confer with and attempt to get the cooperation of a law enforcement agency other than the Cranston Police Department in connection with certain alleged violations of the gambling laws.

"3. On the 2nd day of November, 1963, you were guilty of insubordination in representing that there were wholesale gambling activities taking place in the City of Cranston, but refusing to make a detailed report as to said alleged activities after having been ordered to do so by a superior officer.

"4. On the 5th day of November, 1963, you were guilty of insubordination in refusing to obey an order of the Mayor."

At the outset of the hearing before the board on those charges petitioner formally moved that he be reinstated on the ground that the mayor's order summarily removing him from the police department was in violation of sec. 14.07 of the city charter. The board did not rule on this motion but proceeded to hear testimony on the part of the mayor and other witnesses in support of the charges.

At the conclusion of such testimony petitioner moved that the charges be dismissed on the ground that there was no legal evidence to support them. The board denied the motion and the petitioner presented testimony in his own behalf. At the conclusion thereof the board refused to hear argument by petitioner's counsel, which refusal he contends was in violation of his right thereto under sec. 14.07 of the city charter.

Upon consideration of the record before them the board sustained the mayor's decision holding petitioner guilty of the charges preferred against him. However, they refused to affirm the penalty of removal imposed therefor on the ground that it was not justified by the evidence. In lieu thereof they ordered that petitioner be suspended without pay for sixty days to January 6, 1964; that on January 6 he be reinstated with all the benefits and rights of a patrolman in the police department; and that at the discretion of the appropriate authority he be required to serve one hundred hours extra duty.

The petitioner contends that he, having been removed from the department and deprived of his pay by the ap-

pointing authority from November 6, 1963, should not have been required to proceed to a hearing before the board until he was first restored to his pay status as required by sec. 14.07 of the charter and hence the board's action was in excess of their jurisdiction, illegal, and void. He also contends that the mayor's removal of him prior to the hearing being illegal the board's decision necessarily was also illegal and void. He finally contends that since such decision was clearly against the law he is of right entitled to reinstatement in his position of patrolman as of November 6, 1963 together with all its emoluments.

The pertinent provisions of sec. 14.07 of the charter upon which petitioner principally relies in support of his contentions are as follows:

"* * * Members of the classified service shall be subject to such disciplinary action including removal as may be ordered by the officer having the power of appointment to the position held by the person to be disciplined, as limited by the right of appeal hereinafter provided. * * * Upon the conclusion of the probationary period no member of the classified service shall be suspended for more than ten days, reduced in rank or pay or removed except after notice in writing of the grounds of the proposed action and an opportunity to be heard thereon by the personnel appeal board. If within five days after the receipt of such notice the employee shall in writing addressed to the personnel appeal board request a hearing the board shall fix a time and place for such hearing to be held not earlier than five nor later than ten days after receipt of such request and notify the employee thereof. * * *"

By sec. 9.01 of the city charter the members of the police department are made members of the classified service and expressly given the benefit of the above provisions.

On November 10 the board received petitioner's request in writing for a hearing on the charges preferred against him, which was within five days after he received notice of such charges. On November 20 the board provided for

a hearing thereon which was not later than ten days after petitioner's request therefor.

It is clear from the above-quoted provisions of sec. 14.07 that the action of the mayor was not taken illegally. He had the authority thereunder to remove petitioner from his position as patrolman provided he first notified petitioner in writing of the grounds therefor and afforded him an opportunity to appeal such action to the board. This he did by his formal letter dated November 6, 1963 and duly served upon petitioner on the same date. Therefore, in our opinion, there is no merit in petitioner's contentions that his removal was in violation of sec. 14.07 and that the board erred in refusing to grant his motion for reinstatement.

We are also of the opinion that there is no merit in petitioner's further contention that the board erred in refusing to hear oral argument by petitioner's counsel at the conclusion of all the evidence. The board are not legally bound to hear oral argument. They are required only to conduct a hearing impartially affording the parties before them a fair and equal opportunity to present evidence in support of their respective positions. *Kelley* v. *City Council,* 61 R. I. 472. Of course if they permit oral argument by one side they may not lawfully deprive the other side of a like opportunity. As we understand the situation here, neither side was allowed to argue, hence petitioner suffered no prejudice or labored under any unfair advantage.

This brings us to petitioner's further contention that there was no legal evidence to support the board's decision and therefore his motion to reverse the mayor's decision and dismiss the charges should have been granted. In this connection it should be noted that such contention goes only to the point that the board erred in sustaining the mayor's decision insofar as it related to the question whether petitioner's conduct was such as to warrant disciplinary

action against him. Since the board decided that on the evidence before them the mayor's removal of petitioner was not justified, the only cause of complaint left open to petitioner was that the evidence also did not justify any disciplinary action against him.

After carefully considering the transcript and bearing in mind the limits of review in certiorari, we are of the opinion that there is no merit in such contention. On certiorari we do not weigh the evidence but examine the transcript merely to determine if there is some legal evidence to support the board's decision. *Capaldo* v. *Scuncio*, 82 R. I. 240; *General Products Co.* v. *Superior Court*, 81 R. I. 458.

There is evidence in the instant record that petitioner saw gambling in progress at a club on his beat and did nothing about it except to report it to his superior. There was also other evidence of knowledge on his part of the existence of gambling in other places in the city about which he refused to make an official report after being ordered to do so by his superior. And the evidence is uncontradicted that he refused to answer inquiries about these departmental matters when requested to do so by the mayor.

Whether this latter refusal was tantamount to insubordination in the light of all the other circumstances was in our opinion a matter for the board to determine on the evidence before them. Whether such evidence was of sufficient weight to justify the conclusion to which they came is not within our province to determine in this certiorari proceeding. Suffice it to say that after considering the whole record we are clearly of the opinion that there was legal evidence before the board to support some if not all the charges preferred against petitioner which warranted the taking of disciplinary action against him.

However, this being so, petitioner nevertheless makes a final contention that the board were without authority to suspend him for sixty days and impose an additional pen-

alty of one hundred extra hours of duty. He argues that such action was in excess of the board's jurisdiction and that nowhere in the city charter is there any provision which expressly confers such authority or from which it can be necessarily implied. And petitioner further argues that the imposition of one hundred extra hours of duty is in any event unreasonable and not within the implied scope of the power conferred upon the board by sec. 14.07 of the city charter.

In our opinion, none of those contentions has any merit. Section 14.07 expressly provides: "The personnel appeal board may sustain, reverse or modify the disciplinary action appealed from and may order the restoration of pay lost during the pendency of the appeal." In view of that language it is idle to argue that the board cannot validly reduce the penalty of removal from office and substitute suspension therefrom for a limited time together with extra duty without pay. Such latter punishment is, as respondents well argue, but another way of assessing a fine for dereliction of duty. Viewed as it must be as a reduced form of punishment compared with removal from office, it is clearly an exercise by the board of their power to "modify" the disciplinary penalty imposed by the mayor.

In our opinion it is not an improper or invalid form of disciplinary action to impose such a penalty. It cannot reasonably be deemed a violation of any common-law right which petitioner may claim as a member of the police department. And we are not aware of any statute or provision of the city charter which the imposition of such a penalty for disciplinary purposes in the administration of that department contravenes. In this connection it may be noted that it is generally considered that police officers are subject to methods of discipline peculiarly incident to the efficient functioning of police departments. One textbook authority on this subject states that "Members of a

police force and its responsible officers in many respects constitute a military organization. Discipline must be enforced, and members of the force must surrender individual powers and freedom of action in favor of undivided allegiance to their public duty." 16 McQuillin, Municipal Corporations (3d ed. rev.), §45.16, p. 675.

We are of the opinion that the personnel appeal board did not exceed their jurisdiction but on the contrary exercised a power conferred upon them by sec. 14.07 of the city charter in rendering the decision complained of by the petitioner.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified are ordered returned to the board with our decision endorsed thereon.

JOSLIN, J., concurring. I concur in the result. Whether in the circumstances the petitioner's refusal to answer the mayor's inquiries about departmental matters constituted insubordination presents, in my opinion, a question of law and not of fact. Inasmuch as the board's decision can be upheld because the record contains legal evidence in support of their findings on the other charges preferred, a resolution of the legal question as to whether the petitioner was insubordinate is unnecessary.

ROBERTS, J., concurs in the opinion of Mr. Justice Joslin.

*Gallogly, Beals & Tiernan, David F. Sweeney,* for petitioner.

*Edward W. Day, Jr.,* for respondents.