217 A.2d 668.

RUSSELL HENRY *vs.* HAROLD C. THOMAS *et al.*

MARCH 23, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

PAOLINO, J. This is a petition for certiorari to review the decision of the personnel appeal board of the city of Cranston sustaining the action of the mayor of that city ordering the removal of the petitioner from his position as a patrolman in the municipal police department pursuant to the provisions of sec. 14.07 of the city charter. We issued the writ and subsequently granted the respondents' motion to supplement the record. In compliance therewith the pertinent records have been certified to this court.

The narrow issues raised by this proceeding are whether the board complied with the provisions of sec. 14.07 in considering petitioner's appeal and whether its decision is supported by competent evidence.

The pertinent portion of sec. 14.07 provides that:

"Members of the classified service shall be subject to such disciplinary action including removal as may be ordered by the officer having the power of appointment

to the position held by the person to be disciplined, as limited by the right of appeal hereinafter provided. * * * Upon the conclusion of the probationary period no member of the classified service shall be * * * removed except after notice in writing of the grounds of the proposed action and an opportunity to be heard thereon by the personnel appeal board. If within five days after the receipt of such notice the employee shall in writing addressed to the personnel appeal board request a hearing the board shall fix a time and place for such hearing to be held not earlier than five nor later than ten days after receipt of such request and notify the employee thereof."

The petitioner was a member of the permanent police department and, by sec. 9.01, in the classified service. Section 9.01 vests the mayor with the power of appointment and removal of permanent officers of the department subject to the appeal provisions of sec. 14.07. Under sec. 5.01 the mayor is the executive head of the police department.

On September 23, 1963 petitioner was served with a written notice signed by the mayor ordering his removal from the department on the grounds of "neglect of duty" in failing to hold himself in readiness to answer the calls and obey the orders of his superior officers, failing to respond to numerous and repeated radio calls from police headquarters and sleeping on duty in a police patrol car. The mayor stated therein that the notice and order were pursuant to sec. 14.07.

On September 27, 1963 petitioner filed an appeal with the respondent board pursuant to sec. 14.07, but his letter claiming such appeal states that petitioner "having been suspended without hearing for an indefinite period does hereby request this Board to grant him a hearing on his suspension." For the sake of accuracy we point out here that petitioner's statement is not a correct recital of what transpired. He was not suspended from the department; he was ordered removed therefrom subject to his right of appeal to the per-

sonnel appeal board. We shall treat this proceeding accordingly.

By letter dated October 1, 1963 the board notified petitioner that his appeal was assigned for hearing before the board on "Friday evening, October 4, 1963, at 8 o'clock p.m.," in the probate courtroom in the city hall. It appears from the transcript that the board's calendar for October 4, 1963 contained the appeals of seven other members of the police department, in addition to that of petitioner. All eight were represented by petitioner's counsel. In order to expedite the hearing, he moved that the appeals of the seven other patrolmen be considered together. The board granted his motion, with the statement that petitioner's appeal would be separate and with the further observation that "If necessary, we may have to recess that hearing, although in order to comply with the Charter, we have to set it up on the calendar tonight." The board then proceeded with the hearing of the appeals of the seven other patrolmen, which were held on October 4, 7 and 10, 1963.

The hearing of the petitioner's appeal was continued from time to time until January 16, 1964. Prior thereto petitioner moved that he be reinstated. The board reserved decision on this motion and proceeded with the hearing. The city presented evidence to support the charges on which petitioner's removal was grounded. Although petitioner cross-examined witnesses presented by the city, he rested his case without introducing any evidence.

On January 24, 1964 in a decision sustaining the mayor's order the board noted that "positive testimony" was presented by the city that petitioner "was asleep in a police patrol car while on duty on the day in question" and that this "testimony stood uncontradicted." The board also denied all motions on which it had reserved decision.

The petitioner states in his brief that there was no evidence offered that any "Department Rule or Regulation"

had been violated or that the relevant "Rules and Regulations" were placed in the record. The petitioner did not raise this question before the board or in his petition for the writ of certiorari. In the circumstances the question is not properly before us. As the court said only recently: "It is his statement of alleged errors which prescribes the limit of our review on certiorari absent an unusual situation involving the public interest." *Costello* v. *Probate Court*, 98 R. I. 420, 204 A.2d 307, 309. No such unusual situation is present in the case at bar. The petitioner knew what the charges against him were when he received the notice of removal from the mayor.

The instant proceeding is a petition for certiorari at common law. As such, it brings up the record solely to review alleged errors of law, not to review the facts found below. Where there is in the record competent evidence to support the findings the reviewing court will not weigh the evidence or disturb a decision. See *Fox* v. *Personnel Appeal Board*, 99 R. I. 566, 209 A.2d 447; reargument denied, 99 R. I. 573, 210 A.2d 50. After carefully examining and considering the instant record we find no merit in petitioner's argument that there was no competent evidence before the board upon which it could find him guilty of the charges and that the board made no findings of fact which justified the mayor's action.

There is in the record positive and uncontradicted evidence supporting the charge specifically referred to in the board's decision. Although, in our opinion, there is competent evidence in the record to support all the charges made by the mayor in his notice of removal, the board was not required by law to refer to each of them specifically. *Howland* v. *Thomas*, 98 R. I. 470, 204 A.2d 640, 644. 4 McQuillin, Municipal Corporations (3d ed.), §12.262, p. 374. However, it is apparent from the board's decision that it considered all the evidence before it and found as a fact that

the mayor's action with respect to each of the charges made in his notice of removal was supported by competent evidence. This is what the board meant when it stated: " * * * the Board finds, as a fact, that * * * the penalty imposed by the proper authority was proper and fully justified in its entirety." We find no error in such ruling.

In his oral argument before us petitioner frankly conceded that unless we reversed our decision in *Howland, supra,* there is no merit in his contention that the mayor's order summarily removing him from the police department was in violation of sec. 14.07 of the charter. In that case, 204 A.2d at page 643, we held that the mayor had the authority under sec. 14.07 to remove a patrolman from the department provided he first notified him in writing of the grounds therefor and afforded him an opportunity to appeal such action to the board. The petitioner has not persuaded us that logic or justice requires that we reverse the pertinent holding in *Howland, supra.*

The petitioner argues that our interpretation of sec. 14.07 causes an undue hardship on one in petitioner's position pending the appeal because he becomes unemployed and unemployable. The answer to this is that the charter affords reasonable protection if the board finds the removal was unlawful. The last sentence of sec. 14.07 vests the board with ample authority in such circumstances. It provides that "The personnel appeal board may sustain, reverse or modify the disciplinary action appealed from and may order the restoration of pay lost during the pendency of the appeal."

We come finally to the question whether petitioner's appeal was heard in compliance with the provisions of sec. 14.07 prescribing that if a hearing is requested thereunder "the board shall fix a time and place for such hearing to be held not earlier than five nor later than ten days after receipt of such request and notify the employee thereof."

As we read the pertinent language it indicates a clear intent to provide an employee entitled to its protection to a speedy hearing if he requests one.

The record shows that petitioner's hearing commenced on October 4, 1963. It appears from the transcript of the testimony of the October 4, 1963 hearing that the chairman of the board expressly stated that the purpose of convening the board was to consider the appeal of petitioner and seven other members of the police department who were also represented by petitioner's counsel. The appeals of the seven others were consolidated at the request of petitioner's counsel and, apparently, because their appeals were dated prior to that of petitioner's, the board proceeded to hear their cases first. But, as we have previously stated, the board in substance stated that petitioner's request for hearing was on the calendar that night and was reached, as appears from the statement of petitioner's counsel at page 3 of the transcript of the October 4, 1963 hearing: "At this time, in view of the Board's decision regarding the Henry appeal, I will confine my motion to the other seven."

The pertinent portion of sec. 14.07 does not mean that the hearing must be concluded not "later than ten days after" the request for a hearing. As the court said in *Steen* v. *City of Los Angeles,* 31 Cal. 2d 542, 545:

> "If the hearing had to be held within those short periods and there were many cases to be considered the administrative function would be thrown into hopeless confusion and rendered ineffective. It might well be physically impossible to meet the requirement. The board is an agency with continuing existence. It does not lose jurisdiction over a discharge proceeding merely by lapse of time. The most that can be said is that a hearing must be held within a reasonable time; that the appointing power, the initiator of the discharge proceeding, must diligently prosecute that proceeding."

The provision of sec. 14.07 that such hearing "be held not earlier than five nor later than ten days" after the receipt of the request for an appeal must be read realistically, mindful of the administrative function involved. In our opinion the pertinent provision requires that the hearing be commenced not later than ten days after receipt of the notice of appeal and concluded within a reasonable time thereafter. See *Watkins* v. *City of Little Rock Civil Service Comm'n,* 201 Ark. 626, where the court said:

> "Even though the statute is mandatory the mandatory features thereof should be construed to mean the trial must take place within fifteen days after the demand for trial unless some unforeseen eventuality prevents. If, for example, the employee against whom charges had been preferred became seriously ill so he could not attend the trial or two of the commissioners became seriously ill and could not hold the trial, it would certainly be unreasonable to construe the statute to mean that the tribunal having jurisdiction of the subject matter and person of the employee would lose jurisdiction at the expiration of the fifteen day period. The Legislature never intended that under such circumstances an employee who violated the rules might escape punishment because he was not tried within fifteen days from the day he demanded a trial. The Legislature meant that under ordinary circumstances the trial must take place within fifteen days after demand for trial. We do not say that the statute means that the commission may use its own sweet pleasure in trying an employee when it pleases, but we do say that conditions might arise where the tribunal would be warranted in setting the case down for trial at a later date than the expiration of the fifteen days specified in the statute without losing jurisdiction over the subject matter and the person of the employee."

The fact that petitioner's case was calendared and commenced within the prescribed time satisfies, in part, the pertinent provisions of the charter. The remaining question is whether the hearing was concluded within a reasonable

time. It is true, as the record shows, that the hearing was not concluded and the board's decision was not rendered until January 1964. However, it appears from the record, as supplemented, that the delay was occasioned, in part at least, by petitioner. On October 10, 1963 petitioner's counsel informed the board during the hearing of the appeals of the other patrolmen that the superior court had issued an alternative writ of mandamus directing the board to discontinue immediately the pending hearing, including that of petitioner. In the circumstances the board continued the hearings. The transcript also shows that the board, on December 9, 1963, noted in the record that it had received the following telegram from the petitioner: "Do not wish to proceed with our appeal pending disposition of new court action of which Board is a party. Desire our appeal be continued. We feel to proceed would prejudice our rights in court."

In the circumstances the petitioner's request constituted a waiver and he cannot now complain that the delay in concluding his appeal was unreasonable.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the respondent board with our decision endorsed thereon.

*Gallogly, Beals, Tiernan & Sweeney, David F. Sweeney,* for petitioner.

*Peter Palombo, Jr., City Solicitor,* for respondents.