**373 A.2d 801.**

WALTER E. PROFFIT *vs.* MUNICIPAL HEARING BOARD OF THE CITY OF PROVIDENCE.

MAY 24, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

304

KELLEHER, J. This is common law certiorari. The petitioner, Walter E. Proffit, is a member of the Providence Police Department. We have issued the writ to review a judgment entered in the Superior Court where a justice of that court, after a trial de novo, upheld an order of a disciplinary hearing board that had called for the petitioner's suspension from duty without pay for a period of 1 year.

On the evening of March 31, 1972, Proffit was feeling a little under the weather. He had been drinking for at least a couple of days and at approximately 11:20 p.m., as the time for reporting to work drew near, Proffit decided to call in sick. He telephoned police headquarters and informed the desk sargeant that he would not be reporting for the midnight shift because he was sick. Apparently, his stomach was upset, and he had a "wicked headache." There is also some evidence that he then voluntarily committed himself to the Alcoholic Ward of the Rhode Island Medical Center. Sometime later, Proffit was questioned by the Director of Personnel, who asked him: "Walter, man to man — not police officer and superior — what the hell happened? Profft allegedly responded that he had been drinking heavily and didn't want to come to work in that condition for fear of being fired.

As a result of these events, Proffit was charged with violating Providence Police Department Regulations §306.7 (r) and (y), making a "[f]alse official statement, oral or

written" and "[c]onduct unbecoming an officer," respectively. Following a hearing before the Municipal Hearing Board, Proffit was found guilty of the false statement charge but not guilty of the second charge because voluntary commitment to the Alcoholic Ward was not in and of itself conduct unbecoming an officer. The board suspended Proffit for 1 year, April 3, 1972 through April 2, 1973.

Pursuant to G.L. 1956 (1970 Reenactment) §45-20-1.1, Proffit appealed to Superior Court, seeking reversal of the board's decision and reimbursement for back pay. After a de novo review the trial justice concluded that "Mr. Proffit had been on a real bender * * * [and] didn't straighten himself out in time to report for duty that midnight." The trial justice also was "satisfied that his [Proffit's] sickness resulted from that drinking." Notwithstanding these considerations, the court found that the drinking was voluntary and that "while technically he [Proffit] may have been 'sick,' he used that as a subterfuge to avoid other consequences." The trial justice was "convinced" that "sick" means "sick," not in a "self-induced sense," but in "the real sense." The trial justice then found that the telephone call was a false official statement, a subterfuge, and upheld the Municipal Hearing Board's decision.

Before us[1] Proffit claims that the trial justice erred by deciding that the *cause* of illness, i.e. voluntary drinking, was relevant in determining whether or not his sick call was genuine or not. Proffit argues that the fact he was sick should, in and of itself, be dispositive of the issue.

As we consider Proffit's predicament, we have as our

---

[1]This is the second time we have been asked to consider Proffit's plight. The first occasion was when he filed an appeal from a judgment entered in the Superior Court. In an order entered on December 12, 1975, we dismissed the appeal on the ground that the appropriate vehicle for review was by certiorari, citing in support thereof *Simmons* v. *Town Council*, 112 R.I. 522, 524-25, 312 A.2d 725, 726-27 (1973).

guide the long-established principle which states that in certiorari we do not act as factfinders. Ours is a restricted role. All this court can do is examine the record of the tribunal under scrutiny to determine if there is any legal evidence that supports the action taken. *Providence Journal Co.* v. *Mason*, 116 R.I. 614, 359 A.2d 682 (1976); *Simmons* v. *Town Council*, 112 R.I. 522, 312 A.2d 725 (1973); *Hooper* v. *Goldstein*, 104 R.I. 32, 241 A.2d 809 (1968); *Henry* v. *Thomas*, 100 R.I. 564, 217 A.2d 668 (1966).

A review of the regulations reveals that sick leave shall be granted for personal illness or physical incapacity when the employee is unable to work. The city contends, and the trial justice agreed, that sickness within the meaning of this provision does not include the self-induced varieties. No argument has been made that Proffit was not so sick as to preclude work. Indeed, the trial justice concluded that Proffit *was* sick, and this is certainly supported by the testimony. We think the inquiry ends there. Had Proffit grossly overeaten and then suffered from severe stomach cramps and sickness, we think that a sick call would have been equally warranted and no second thought given to it — except perhaps some good-humored ribbing. Likewise, here the cause of the illness, the voluntariness of the overindulgence, does not alter the fact that Proffit was sick. Accordingly, we conclude that the trial justice was clearly wrong in considering the cause of the illness.

The petition for certiorari is granted, the judgment below is quashed, and the papers in the case are remanded to Superior Court with our decision endorsed thereon.

*Alton W. Wiley*, for petitioner.

*Louis A. Mascia*, City Solicitor, *Stephen T. Napolitano*, Deputy City Solicitor, for respondent.