Leon BLANCHETTE

v.

Walter E. STONE et al.

No. 90-527-A.

Supreme Court of Rhode Island.

May 22, 1991.

John D. Lynch, Lynch, McKiernan & Costello, Warwick, for plaintiff.

James E. O'Neil, Atty. Gen., Robin Feder, Ellena Evans Alexander, Asst. Attys. Gen., for defendants.

## OPINION

SHEA, Justice.

This matter is before the Supreme Court by way of certification from the Superior Court pursuant to Rule 72 of the Superior Court Rules of Civil Procedure and G.L. 1956 (1985 Reenactment) § 9-24-25.

The parties have agreed to accept the following facts. The plaintiff, Leon Blanchette (Blanchette), had been a member of the Rhode Island State Police (an unclassified position) exclusively for a period in excess of twenty-three years. Blanchette, who was born on September 11, 1942, was an employee of the Rhode Island Department of State Police until August 25, 1989. He is also an honorably discharged veteran.

On August 25, 1989, the Superintendent of the Rhode Island State Police, Walter E. Stone, acting under the provisions of G.L. 1956 (1988 Reenactment) § 42-28-22, notified Blanchette that he was retired from

his position within the Department of State Police. This action was taken with the approval of the Governor, Edward D. DiPrete.

Blanchette subsequently filed a complaint in the Superior Court relying, in part, upon G.L.1956 (1984 Reenactment) § 36–5–7, as amended by P.L.1988, ch. 547, § 1. The defendants filed a motion to dismiss plaintiff's complaint against them for failure to state a cause of action pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure relying, in part, upon § 42–28–22.

The trial justice has certified the following question of law to this court: "Which statute controls, R.I.G.L., 1956, as amended, § 36–5–7, or R.I.G.L., 1956, as amended, § 42–28–22, and what effect does the controlling statute have on the action taken by the superintendent of the Rhode Island State Police regarding the plaintiff, Leon Blanchette."

Enacted by the Legislature in 1937, § 42–28–22 governs the retirement of members of the State Police and provides in relevant part:

"(A) Whenever any member of the state police has served for twenty (20) years, he or she may retire therefrom or he or she may be retired by the superintendent with the approval of the governor, and in either event a sum equal to one-half (½) of the whole salary for the position from which he or she retired determined on the date he or she receives his or her first retirement payment shall be paid him or her during life.

"* * *

"(G) The provisions of this section shall not apply to civilian employees in the Rhode Island state police; and, further, from and after April 28, 1937, chapters 8—10, inclusive of title 36 shall not be construed to apply to the members of Rhode Island state police."

Section 36–5–7, governing the tenure of state employees who qualify as honorably discharged veterans, provides in relevant part:

"State Employee—Veteran.—Any person who is an honorably discharged vet-

eran of the armed forces of the United States and who has completed fifteen (15) or more years of state service exclusively as an employee of this state shall have tenure in the position in which he or she is employed by the state upon meeting the eligibility requirements. He or she shall not be removed from such position except for cause or mandatory retirement provisions of the general laws. This section shall apply to members of the state classified, unclassified and nonclassified service and military service time shall not be used to compute the fifteen (15) years state service."

Blanchette initially contends that the exclusions under § 42–28–22(G) were never amended specifically to exclude chapter 5 of title 36 and that, therefore, the Legislature never intended to deny the protections of § 36–5–7 to the Rhode Island State Police. He further argues that § 36–5–7 neither contradicts nor offends the purpose of § 42–28–22 and that when the two statutes are read and applied together, there is consistency and harmony.

When a court is called upon to construe the provisions of coexisting statutes, we attempt to follow the rule of statutory construction that provides that statutes relating to the same or similar subject matter should be construed such that they will harmonize with each other and be consistent with their general objective scope. *State v. Ahmadjian,* 438 A.2d 1070, 1081 (R.I.1981). "This rule of construction applies even though the statutes in question [may] contain no reference to each other and are passed at different times." *Id.* (citing *Pickering v. American Employers Insurance Co.,* 109 R.I. 143, 148, 282 A.2d 584, 587 (1971)). In fact, § 36–5–7 was enacted by the Legislature forty years after its enactment of § 42–28–22. Nevertheless, to construe the scope of § 36–5–7 to include members of the Rhode Island State Police is partially to destroy the purpose and effect of § 42–28–22. By giving § 36–5–7 petitioner's desired meaning, we would by implication effectively bring about the partial repeal of § 42–28–22. We are reminded, however, that repeals by im-

plication are generally disfavored and will not be pursued unless the statutory provisions are irreconcilably repugnant. *State v. Souza*, 456 A.2d 775, 781 (R.I.1983). Although the statutes in the case at bar are inconsistent, they are not irreconcilably repugnant. Consequently we are obligated to construe conflicting statutes so that, if at all reasonably possible, they both may stand and be operative. *State v. Bradshaw*, 101 R.I. 233, 242, 221 A.2d 815, 820 (1966). In accomplishing this objective, the underlying purpose of this court should be to determine the intention of the Legislature. *Landers v. Reynolds*, 92 R.I. 403, 407, 169 A.2d 367, 369 (1961).

■ Although § 36–5–7, enacted forty years after the enactment of § 42–28–22, contains language to suggest that all "unclassified" employees who serve the state for more than fifteen years shall not be removed except for cause or mandatory retirement, we do not believe that the Legislature, implicitly or explicitly, intended this statute to apply to members of the Rhode Island State Police. This conclusion is supported by our recognition that the Department of Rhode Island State Police and its responsible officers in many respects constitute a paramilitary organization. Consequently "[d]iscipline must be enforced, and members of the force must surrender individual powers and freedom of action in favor of undivided allegiance to their public duty." *Howland v. Thomas*, 98 R.I. 470, 477, 204 A.2d 640, 644 (1964) (quoting 16 McQuillan, *Municipal Corporations* § 45.16 at 105 (3d ed. rev.). This paramilitary character may sometimes result in the use of internal procedures that may sacrifice individual liberties more commonly afforded to other state employees. Indeed these considerations are what originally prompted the Legislature to adopt the language "member[s] of the state police * * * may be retired by the superintendent with the approval of the governor."

Additionally the Legislature's intent is ascertainable from the comprehensive nature of the statutes. Contrary to petitioner's belief, § 36–5–7 is a *general* statute because it applies to *all* state employees regardless of whether the employee is designated "classified," "unclassified," or "nonclassified." In contrast, § 42–28–22 is extremely narrow in scope and application. The statute is a *special* provision relating to retirement benefits for members of the Rhode Island State Police. The Legislature's intent is clear in these circumstances:

"Wherever a general provision shall be in conflict with a special provision relating to the same or similar subject, the two (2) provisions shall be construed, if possible, so that effect may be given to both; and in those cases, if effect cannot be given to both, the special provision shall prevail and shall be construed as an exception to the general provision." G.L.1956 (1988 Reenactment) § 43–3–26.

We recognize that §§ 36–5–7 and 42–28–22 are apparently inconsistent. The former statute would provide State Police with tenure after fifteen years of employment while the latter statute, in addition to denying tenure, denies any and all job security after twenty years of state service. Literal effect cannot be given to both statutes, and as such, the special provision must prevail over the general provision. Accordingly we construe § 42–28–22 to be an exception to § 36–5–7.

■ Blanchette next contends that his retirement violated his due-process rights under the Fourteenth Amendment. He argues that because he was neither subject to any mandatory-retirement provisions nor "retired" with cause, he was deprived of a property right without due process of law. Blanchette's argument necessarily assumes that members of the Rhode Island State Police should be afforded the protections of § 36–5–7. However, § 36–5–7 was never intended to apply to members of the Rhode Island State Police, and without the protections afforded under § 36–5–7, Blanchette acquired no property interest in continued employment that would assure him of due-process protections. Consequently as an unclassified employee Blanchette served at the pleasure of his appointing authority, and "absent a discriminatory discharge because of race, sex, age, physical handicap, political affiliation, or religious belief," he

could be dismissed without cause. *Salisbury v. Stone,* 518 A.2d 1355, 1359 (R.I. 1986). Thus although Blanchette was afforded the right of public employment free of certain forms of discrimination, he was not afforded, either constitutionally or statutorily, the right of public employment terminated only for cause.

For these reasons the question heretofore certified is answered as follows: § 42–28–22 is the controlling statute, and it authorizes the action taken by the superintendent regarding the plaintiff, Leon Blanchette. The papers of the case are remanded to the Superior Court for further proceedings in accordance with our decision.