DECISION
This is an appeal from a decision of the Zoning Board of Review of the Town of Middletown approving David and Alexandra Gray's application for a subdivision of land and a frontage variance. The Zoning Board was acting in its capacity as the Town Platting Board of Review Board pursuant to its authority under R.I.G.L 1956 § 45-23-14 on the subdivision issue, and as a Zoning Board of Review on the variance issue.
Facts and Travel
David and Alexandra Gray (Defendants) are the owners of a large piece of property located at 4 Sachuest Drive, Middletown, Rhode Island, further identified as Lot 42 on Middletown Tax Assessor's Plat 126, containing approximately 3.6 acres of land. The lot is shaped much like a "J" that has been set on its side. It is located in an R-40 residential zone, bounded to the west by Sachuest Drive and to the north by Bayberry Lane.
In 1993, the Grays petitioned the Middletown Planning Board for permission to subdivide their property into two lots. Under their proposal, the elongated upper portion of the "J" shaped property fronting the intersection of Bayberry Lane[1] and Sachuest Drive would form the first of the two new parcels (parcel A), with 67,000 sq. ft. (approximately 1.55 acres), while the hooked portion of the premises would comprise the second (parcel B), with 99,000 sq. ft. (approximately 2.27 acres). The Gray's proposed subdivision was viable, except for parcel B's unsatisfactory frontage. Under Section 808 of Middletown's Subdivision Ordinances, all newly subdivided lots must front on a public street. Moreover, Section 320 of Middletown's Zoning Ordinances mandates that lots in an R-40 zone have at least 150 feet of frontage. Parcel B as proposed did not satisfy either of these requirements. The subdivision plan, as submitted to the Planning Board, provided for only 50 feet of frontage along a private road (Bayberry Lane). Therefore the Planning Board, in a letter dated November 12, 1993, denied the Gray's request for permission to subdivide their property. (Administrative Agency Record Exhibit No. 1).
The Grays appealed the Planning Board's rejection of their subdivision application to the Zoning Board (acting as The Platting Board of Review) and also petitioned the Zoning Board for a frontage variance on the new lot. (Administrative Agency Record Exhibits No. 2 V-1). The Board held four hearings at which the Gray's application was discussed, the course of which spanned more than a year. At these proceedings, a number of witnesses offered testimony. Mr. Gray first testified as to his desire to subdivide the subject premises. Also testifying on his behalf were Kamal Hingorany, a professional engineer, and James Houle, a real estate expert. Testimony was also offered by a number of parties who opposed the Gray's proposal. The Board heard from many of the neighboring landowners, including the petitioners in this action. Paul Hogan, a qualified real estate expert, also testified on behalf of the objectors.
At the conclusion of the hearing, the Zoning Board overturned the Planning Board's rejection of the subdivision application and granted the Gray's request for subdivision approval by a vote of four to one. (Administrative Agency Record Exhibit No. 34). By a vote of four to one, the Zoning Board also granted the frontage variance sought by the Grays. (Administrative Agency Record Exhibit No. 34). In its decision, the Zoning Board stated its concern that failure to grant the requested relief would prove to be more that a mere inconvenience to the Grays and that the subdivision as proposed would not be contrary to the public interest. (Finding of Fact No. 21). The Board also cited the town's tradition of granting other land owners the same type of relief sought here by the Grays and the exigent special circumstances and conditions that made this variance request necessary. (Finding of Fact No. 23). A timely appeal to this Court pursuant to R.I.G.L. 1956 § 45-23-20 followed.
Standard of Review
The parties agree that the pre-amendment language of Chapters 23 and 24 of Title 45 as it concerns zoning and subdivision regulation governs the instant matter. These regulations and the corresponding local rules and ordinances promulgated thereunder are controlling. See R.I.G.L. §§ 1956 45-23-28 and 45-24-28.
This Court's appellate analysis is controlled by R.I.G.L. 1956 § 45-23-20, which provides in part:
 "The court shall hear all pertinent evidence and determine the facts, and upon the facts so determined may affirm the decision, or may annul the decision if found to exceed the authority of the plan commission or board of review, or may enter such other decree as justice and equity may require. The foregoing remedy shall be exclusive, but the parties shall have all rights of appeal and exception as in other equity cases."
When reviewing a zoning board decision, a Superior Court trial justice may not substitute his or her own judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). Substantial evidence in this context has been construed as "more than a scintilla but less than a preponderance." Caswell v.George Sherman Sand Gravel Co. Inc., 424 A.2d 646, 647 (R.I. 1981).
Under local ordinances, the Grays were first required to take their subdivision application before the Middletown Planning Board. When the Planning Board rejected their application, the Grays appealed to the Middletown Zoning Board, acting in its capacity as the Platting Board of Review, pursuant to appropriate state and local law. See R.I.G.L. 1956 §§ 45-23-1 et seq. Under the terms of this legislation, any person whose proposal has been rejected by the Planning Commission may take an appeal to the Board of Review. R.I.G.L. 1956 § 45-23-16. The Board shall (1) have the power to hear and decide appeals when it is alleged an error of law has occurred; (2) hear and decide special exceptions to the planning board's rules; and (3) authorize on appeal, such variances in the application of the terms of the rules and regulations as will not be contrary to the public interest where a literal enforcement of said rules will result in unnecessary hardship. R.I.G.L. 1956 § 45-23-18. In exercising these powers, ". . . the board may reverse or affirm, wholly or partly, or may modify the decision appealed from and make such order, requirement, decision, or determination as ought to be made, and to that end shall have all the powers of the plan commission from whom the appeal was taken." Id. Such a broad grant of discretion has been described as creating a board of review that in all but name, is nothing more than a super planning board. E. Grossman Sons. Inc. v. Rocha, 373 A.2d 496, 500 (R.I. 1977).
A party aggrieved by a decision of this board may take an appeal to the Superior Court pursuant to R.I.G.L. 1956 §45-23-20. In the instant case, petitioners raise the following issues before this Court: (1) the propriety of the Board of Review's reversal of the Planning Board's decision and (2) the Zoning Board's grant of a frontage variance.
With respect to the Zoning Board's reversal of the Planning Board's decision, at issue is whether or not the Board of Review applied the appropriate standard to its analysis of the Gray's subdivision appeal. The Board of Review is bound by the terms of § 45-23-18 in making its decision. Section 18(c) of this statute provides that the Platting Board of Review Board may
 "[a]uthorize, upon appeal in specific cases, such variance in the application of the terms of the rules and regulations as will not be contrary to public interest where, owing to special conditions, a literal enforcement of the provisions of the rules and regulations will result in unnecessary hardship, and so that the spirit of the rules and regulations shall be observed and substantial justice done."
The plaintiffs here contend that in order to satisfy their burden of proof, subdivision petitioners must establish that denial of their application deprives them of all beneficial use of their property. The respondents counter by arguing that only a burden amounting to more than a mere inconvenience need be established by the petitioners. Alternatively, the Board argues that a test of "reasonableness under the circumstances" is applicable.
Although not precisely defined by § 45-23-18, the meaning of the term "unnecessary hardship" is well established in zoning law. Pursuant to § 45-24-19, zoning relief can be obtained upon a showing of "unnecessary hardship". A petitioner for use variance relief establishes an "unnecessary hardship" by showing that compliance with the applicable zoning ordinance eliminates all beneficial use of the land in question. R.I.G.L. 1956 §45-24-31(61)(a). Statutes addressing the same or similar subject matter should whenever possible be interpreted harmoniously.Blanchette v. Stone, 591 A.2d 785, 786 (R.I. 1991). As defined in Title 45 of the Rhode Island General Laws, unnecessary hardship is a "deprivation of all beneficial use". Accordingly, pursuant to § 45-23-18, the Platting Board may approve a subdivision application upon a showing of "unnecessary hardship" as defined in Title 45.
Our Supreme Court has repeatedly defined and applied the term "unnecessary hardship". Bamber v. Zoning Board of the Town ofFoster, 591 A.2d 1220, 1223 (R.I. 1991); Gaglione v. DiMauro,478 A.2d 573 (R.I. 1986); Rhode Island Hospital Trust Bank v. EastProvidence Zoning Board of Review, 444 A.2d 862, 864 (R.I. 1982);DeStefano v. Zoning Board of Review of Warren, 405 A.2d 1167, 1170 (R.I. 1979); Denton v. Zoning Board of Review of the City ofWarwick, 133 A.2d 718, 720 (R.I. 1957). Denton involved a zoning dispute where the petitioner sought to obtain a "true" or "use" variance from a restrictive zoning ordinance. Denton at 718. The subdivision relief the petitioners seek here is not altogether unlike a use variance sought as zoning relief[2] A use variance of the type at issue in Denton is a petition to use land for a purpose otherwise prohibited under applicable zoning ordinances.See Bamber, 591 A.2d at 1223. In the present dispute, petitioner's subdivision is prohibited under § 808 because of the absence of a public road, necessitating that the Board of Review, in effect, set aside this prohibition, much as would be done when granting a true variance.
This Court is aware of the language cited in both Pattersonv. Corcoran, 217 A.2d 88 (R.I. 1966) (absence of arbitrariness) and Jeffrey v. Platting Board of Review of the Town of SouthKingstown, 239 A.2d 731 (R.I. 1968) (absence of an abuse of discretion) on which counsel for the Board relies. However, this Court finds the reliance to be misplaced. The term "unnecessary hardship", as it is used in 45-23-18, mandates application of a standard of review synonymous with that utilized in Denton. Accordingly, when confronting an appeal of a decision made by a Planning Board concerning a subdivision proposal, the Platting Board of Review must, in order to grant relief, find that to do otherwise would deprive the petitioners of all beneficial use their property. The record reveals that the Grays failed to satisfy this burden. The Middletown Zoning Board's formal findings of fact explicitly refer to the tax burden (Finding of Fact No. 14), the physical challenges inherent in maintaining the grounds in a highly manicured state (Finding of Fact No. 13), and other factors in holding that a denial of the request would amount to more than a mere inconvenience to the petitioners. (Finding of Fact No. 21).
The Court has remanded an application to the zoning board of review when that board's initial analysis is based upon an inappropriate legal standard. Hugas Corp. v. Veader,456 A.2d 765, 771 (R.I. 1983). When the evidence presented to the Board is initially inadequate, remanding an application for further consideration is inappropriate. Roger Williams College v.Gallison, 572 A.2d 61, 63 (R.I. 1990). However, when there is a genuine defect in the proceedings and the defect is not the fault of the party seeking the remand, or there is no record of the proceeding upon which a reviewing court may act, a remand may be appropriate. Id at 63.
The record reveals that the Zoning Board applied the wrong legal standard to the petitioner's application. As this defect is attributable to neither the Grays nor the objectors, this Court remands the Gray's appeal back to the Board of Review for reconsideration of the evidence under the proper "unnecessary hardship" standard.
This Court need not now address the petitioner's contention that the frontage variance was improperly granted. This Court also denies defendant's request for attorney's fees.
Counsel shall submit the appropriate order for entry.
[1] Bayberry Lane was stipulated by the parties to be a private way at a hearing before the zoning board of review on 10/11/94. (See Hearing Transcript at 51). The zoning board also found this to be the case in its formal findings of fact. (Finding of Fact No. 24).
[2] The Supreme Court has applied the "unnecessary hardship" doctrine even outside the traditional bounds of Title 45 zoning analysis. See Strafach v. Durfee, 635 A.2d 277 (R.I. 1993) (Examination of individual sewage disposal system proposal under Title 42 of the General Laws).