221 A.2d 103.

RAYMOND A. McCABE *vs.* WALTER J. KANE.

JUNE 27, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

PER CURIAM. This complaint for declaratory and injunctive relief was heard by a justice of the superior court on the pleadings and on an agreed statement of facts. The case is before this court on the plaintiff's appeal from a judgment entered by the trial justice adjudging the defendant to be the duly-qualified clerk of the supreme court of this state and presently entitled to that office.

The question squarely presented for our determination is whether defendant, a state senator who has been appointed

clerk of the supreme court by the governor, confirmed by the senate, taken the oath of office and filed a proper bond, is lawfully entitled to such office. We hold that he is.

The question is raised by the following agreed facts:

"1. The Plaintiff had been appointed Clerk of the Supreme Court to hold office until May 1, 1966, and until his successor is appointed and qualified.

"2. On May 20, 1966, the Governor appointed Defendant as Clerk of the Supreme Court for the term ending May 1, 1971, and requested the advice and consent of the Senate, which was given on the same day.

"3. On May 25, 1966, Defendant, in accordance with 8-4-7 of the General Laws of 1956, filed his bond with the General Treasurer in the amount of $3,000.00, the amount fixed by that officer. Previous to the filing, the bond was approved as to form by the Attorney General.

"4. A certificate of the filing, issued by the General Treasurer, was presented to the Secretary of State who issued Defendant his commission as Clerk of the Supreme Court pursuant to Section 42-8-5 of the General Laws of 1956.

"5. The oath of office was administered to Defendant by the Governor.

"6. Each party, the Plaintiff and the Defendant, has fulfilled all the formal statutory requirements imposed as a prerequisite to undertaking the office of Clerk of the Supreme Court.

"7. At the time of the appointment, up to the present time, the Defendant is a duly elected Senator from the Town of Smithfield. He has not relinquished his office and no successor has been elected and qualified.

"8. Defendant is ready, willing and able to undertake the duties of the Clerk of the Supreme Court.

"9. The Plaintiff has in excess of 25 years of service credit in the retirement system of the State of Rhode Island and is presently under 60 years of age. He has been a member of the legislature and Clerk of the Supreme Court for in excess of 25 years. He is still a

resident of Rhode Island. The Plaintiff has received no notification, oral or written, of his discharge or removal by an appointing authority.

"10. The Plaintiff is ready, willing and able to continue the duties of Clerk of the Supreme Court.

"11. Pursuant to an oral agreement between the Plaintiff and the Defendant, neither will exercise the duties of the office during the pendency of this action. This agreement is not to be regarded as an admission of any factor concerning the merit of this action by either party."

The only other evidence is defendant's exhibit A, which is a certified copy of page 74 of the "Personnel Supplement to the so-called Annual Appropriation Act, Chapter 232 of the Public Laws of 1965, for the Fiscal Year ending June 30, 1966."

The plaintiff has briefed and argued his appeal under two main points. Under the first he raises the issue of incompatibility. He argues in substance that the office of clerk of the supreme court was created by and is subject to the control of the legislature and he contends that this necessarily and logically results in an incompatibility between that office and membership in the state senate.

If there be merit in his position it arises not from any constitutional, legislative, or judicial principle prohibiting the same individual from simultaneously holding two public offices but from the common-law rule which prevails in this state and which inhibits the holding of incompatible offices by the same person. *State* v. *Brown*, 5 R. I. 1 (1857); *State ex rel. Metcalf* v. *Goff*, 15 R. I. 505 (1887); *In re Election of Sheriff*, 41 R. I. 79; *Opinion to the Governor*, 67 R. I. 197.

What constitutes incompatibility is settled and the tests were aptly put many years ago in *State ex rel. Metcalf* v. *Goff, supra* at pages 506-507 where we said:

"In cases where the question of incompatibility of offices has arisen, independently of statutory or constitutional provision, two rules are generally recognized: *First*. That incompatibility does not depend upon the incidents of the offices, as upon physical inability to be engaged in the duties of both at the same time. * * *

"*Second*. The test of incompatibility is the character and relation of the offices: as where one is subordinate to the other, and subject in some degree to its revisory power; or where the functions of the two offices are inherently inconsistent and repugnant. In such cases it has uniformly been held that the same person cannot hold both offices."

Applying these basic tests in a case involving one who was both a clerk of a municipal court and a legislator the court in *People ex rel. Ryan* v. *Green*, 58 N. Y. 295, found no incompatibility and said at page 304:

"Where one office is not subordinate to the other, nor the relations of the one to the other such as are inconsistent and repugnant, there is not that incompatibility from which the law declares that the acceptance of the one is the vacation of the other. * * * The offices must subordinate, one the other, and they must, *per se*, have the right to interfere, one with the other, before they are incompatible at common law."

It is also clear that a conflict of interest as distinguished from one of duties does not create an incompatibility. This is important in this case because while there may be a conflict in interests between our clerk and a member of the legislature there is in our judgment none in their duties. The distinction between the two as they may reflect upon a determination of the existence of incompatibility is clearly pointed out in *Reilly* v. *Ozzard*, 33 N. J. 529, where at 549 the court said:

"There is a difference between the subject of incompatible offices and the subject of conflict in *interests*. In the former, a clash of *duties* inheres in the very relationship of one office to the other and is contemplated

by the scheme of governmental activities, albeit the occasions may be rare. The consequence will be the nonperformance (or the questionable performance) of one or the other of the prescribed duties. On the other hand, a conflict in interests by virtue of a dual office-holding by a legislator will not inevitably arise as an incident of the relationship of the two offices. It may arise depending upon what bills are introduced. If it should, the incumbent is not put to a choice of duties. Rather the conflict relates to the duty of one office, the legislative seat. It is true that, if a conflict of interests should arise, it may cast a cloud upon the objectivity of the exercise of legislative discretion. Yet the possibility of a conflict of interests is not peculiar to the case of duality of officeholding by a legislator. Rather it is part of a larger problem which inheres in the nature of the legislative authority and confronts all members of that department of government. This is so because the police power and the taxing power range so widely that every legislator, whether he be in a private calling or in another public post or in neither, must inevitably have some interest which may conceivably be affected by some legislative proposal at some time."

We come now to the question of whether the office of the clerk of this court is incompatible with membership in the general assembly. While clearly there is no inherent inconsistency or repugnancy between the duties of the two offices there are questions of whether their nature and duties, *State* v. *Brown, supra,* or their character and the relation of each to the other, *State ex rel. Metcalf* v. *Goff, supra,* are such as to make the clerk subordinate to the legislature.

It is, of course, the fact that the office of clerk is legislatively created, G. L. 1956 §8-4-1, that the method of his appointment and the term of his office are legislatively established, §8-4-2, and that some of his duties are legislalatively prescribed, §8-4-8.

We are unable to perceive, however, that such legislative action subordinates the office of the clerk of this court to the legislature so as to render incompatible the occupancy

thereof by a member of the general assembly. Conceding that the legislature does prescribe certain obligations ministerial in nature to be performed by the incumbent of the office and the manner and mode in which it shall be filled, such action is clearly a proper exercise of the legislative power, that is, action designed to provide for an orderly, uniform administration of the over-all government of the state.

However, in determining whether this results in incompatibility, it is necessary to consider that the basic work of the clerk is to participate in the judicial function, to the end that effect may be given to the court's determinations through the doing of things judicial in character, as, for example, the issuance of process or the entry of orders. Such duties constitute the essential function of the office and under the concept of the separation of powers clearly are matters beyond the control and direction of the legislature. It is our opinion that the legislature has recognized this distinction of function and the dual character of the office by expressly providing in §8-4-8 that the clerk "shall do and perform all other things which by law or the *rules of the court shall appertain to their office,*" and by specifically authorizing the chief justice of this court in §8-4-12 to appoint a clerk pro tempore in the place and stead of the incumbent in the event of his refusal to carry out such duties appertaining to his office as may have been delegated or assigned to him by this court. (italics ours)

Clearly the legislature may properly order the clerk of this court to perform specific ministerial functions in the interest of orderly government and just as clearly, whether because of our inherent power or in the exercise of our rule-making power, it is within our exclusive province to direct him in the performance of his judicial duties. Were the legislature to attempt to regulate or control those of his obligations which are judicial in nature it would exceed its powers under the constitution and trespass upon those of

a coordinate branch of the government. *G. & D. Taylor & Co.* v. *Place*, 4 R. I. 324. In the performance of his duties so far as they appertain to the exercise of his judicial power the clerk is completely under the control and direction of this court.

In the light of our conclusion that the clerk of this court is subject to our supervision and control in the performance of his judicial as distinguished from his ministerial duties we hold that the office is not subordinated to membership in the state senate and that there is no incompatibility between the two offices.

The plaintiff next contends that irrespective of the question of incompatibility, defendant is ineligible by virtue of the provisions of P. L. 1964, chap. 23, sec. 2 (now G. L. 1956, §36-1-13, as amended), to assume the office of clerk. The statute reads as follows:

> "Member of general assembly elected or appointed to office—Time for qualification.—Notwithstanding the provisions of §36-1-4 of the general laws, or of any other statute thereunto appertaining, a person who, while a member of the general assembly, is elected to office by the general assembly, or by either house thereof, or appointed to office by the governor, shall, within thirty (30) days after the date of his commission or within ten (10) days subsequent to the election and qualification of his successor as a member of the general assembly, whichever shall occur later, deliver to the secretary of state a certificate that he has been duly engaged thereon, signed by the person or persons before whom such engagement shall have been taken."

The plaintiff argues that because of the language of §36-1-13 defendant cannot assume the office in question until ten days subsequent to the election and qualification of his successor as a member of the general assembly. The plaintiff bases his argument on the ground that the use of the word "shall" and the clause "whichever shall occur later" indicates a legislative intent that the provisions of the statute are mandatory. We would agree with plaintiff's

contention if the offices involved in the case at bar were incompatible, as was the situation discussed in *Opinion to the Governor, supra.* Moreover in *In re Election of Sheriff, supra,* the justices had rendered an opinion that a member of the general assembly remains a member thereof until his successor is elected and qualified. This statute was enacted for the convenience of a member of the general assembly who, while a member thereof, might be elected or appointed to other public service. It merely extends the time within which he shall deliver to the secretary of state a certificate of his election or appointment. With respect to offices which are not incompatible it is clearly permissive legislation, authorizing the delivery of such certificate within either period of time.

Under point II plaintiff contends that he has tenure to the office of clerk of the supreme court and therefore may not be replaced summarily. He relies on G. L. 1956, §36-4-59, as amended, the pertinent portion of which provides as follows:

> "Tenure of incumbents in state service.—Every person who shall have twenty-five (25) years, not necessarily consecutive, of service credit in the state employees retirement system such credits having been earned in either the classified or unclassified service of the state or a combination of both shall be deemed to have acquired full status in the position he shall be holding at the time of obtaining such twenty-five (25) years of service credit and for any other position he may subsequently hold, without examination subject to and protected by the provisions of this chapter; provided, however * * * ."

The plaintiff argues in substance that under §36-4-59 he has acquired permanent tenure as clerk of the supreme court until he reaches the age of sixty years. In our judgment the statute does not give plaintiff such status. Assuming arguendo that his salary is not specified by statute, the "full status" acquired by him after having twenty-five

years of service credit in the state employees retirement system as specified in the agreed facts entitles him to tenure "in the position he shall be holding at the time of obtaining such twenty-five (25) years of service credit," namely, the five-year term of office he was holding at that time, during which he could not be removed except for cause. That term has expired and so has the protection afforded plaintiff by §36-4-59. In view of this conclusion we do not reach the question whether plaintiff is excluded by the provisions of §36-4-59(d).

On this record we are constrained to conclude that the defendant is the duly-qualified clerk of the supreme court of this state and that he is presently entitled to that office.

For the reasons stated the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Aram A. Arabian,* for plaintiff.

*Factor, Chernick & Hillman, William C. Hillman,* for defendant.