Harry B. CASEY

v.

Bruce G. SUNDLUN et al.

No. 91–661–Appeal.

Supreme Court of Rhode Island.

Nov. 5, 1992.

Kathleen Managhan, Corcoran, Peckham & Hayes, Newport, for plaintiff.

Ellen Evans Alexander, Special Asst. Atty. Gen., for defendant.

OPINION

MURRAY, Justice.

This case comes before us on an appeal by the plaintiff, Harry B. Casey, from an order of a trial justice granting the motion to dismiss of the defendants, Bruce G. Sundlun, in his capacity as Governor of the State of Rhode Island, and Anthony J. Solomon, in his capacity as General Treasurer. We affirm.

The facts and procedural history of this case are as follows. The plaintiff is an honorably discharged veteran of the United States Army. He commenced work with the State of Rhode Island in 1971 as a deputy sheriff with the Newport County sheriff's department. Pursuant to G.L.1956 (1977 Reenactment) § 42–29–1, as amended by P.L.1981, ch. 422, § 1, Governor J. Joseph Garrahy appointed plaintiff to serve a ten-year term as sheriff of Newport County to begin in 1981. In January 1991, believing that he qualified for the tenurial protection of G.L.1956 (1990 Reenactment) § 36–5–7, plaintiff requested and received "full status" certification from the Rhode Island Office of Personnel Administration. In May 1991 Governor Bruce G. Sundlun notified plaintiff that he would not be reappointed.

The plaintiff initiated this lawsuit, seeking injunctive relief in order to maintain his position as sheriff and to protect his rights under § 36–5–7. The trial justice denied injunctive relief, and Governor Sundlun replaced plaintiff with a new appointee. The plaintiff proceeded with his motion for summary judgment. As part of the record, Pasquale Marsella, associate administrator of the Office of Personnel Administration, filed an affidavit stating that his office mistakenly certified plaintiff as a full-sta-

tus employee. After a hearing on October 29, 1991, the trial justice denied plaintiff's motion for summary judgment and granted defendants' motion to dismiss.

■ On appeal from the granting of a motion to dismiss, the Supreme Court will not affirm the judgment below unless it appears beyond a reasonable doubt that under any conceivable set of facts that a plaintiff might prove in support of the claims alleged, the plaintiff would not be entitled to relief. *Berberian v. Solomon,* 122 R.I. 259, 262, 405 A.2d 1178, 1180 (1979). Applying this standard to the present case, we believe the trial justice correctly granted defendants' motion to dismiss.

■ The plaintiff's complaint focuses on § 36–5–7. Section 36–5–7 provides in pertinent part:

> "*State Employees—Veterans.*—Any person who is an honorably discharged veteran of the armed forces of the United States and who has completed fifteen (15) or more years not necessarily consecutive of service credit, such credits having been earned in either the classified, nonclassified, or unclassified service of the state or a combination of both, shall be deemed to have acquired full status in the position he or she shall be holding at the time of obtaining fifteen (15) years of service credit.
>
> \*     \*     \*     \*     \*     \*
>
> (2) That in case of the abolition of a position through reorganization or otherwise, the incumbent in such position, otherwise qualified under this section, shall be retained within the state services in a position of similar grade;
>
> (3) That this section shall not apply to employees of the state government whose method of appointment and salary and term of office is specified by statute."

The first issue raised by the parties is whether plaintiff is entitled to full-status certification pursuant to § 36–5–7. The defendants argue that plaintiff does not qualify for full-status certification because subsection (3) of § 36–5–7 exempts from protection "employees of the state government whose method of appointment and salary and term of office is specified by statute." The defendants maintain that the sheriff's position meets all the requirements of the statutory exemption. In contrast, plaintiff argues that the position of sheriff does not have a salary "specified by statute" and that, therefore, his sheriff's position falls within the protection of § 36–5–7. We need not reach this issue in this case. Assuming, *arguendo,* that plaintiff qualifies for full-status certification under § 36–5–7, he still is not entitled to any relief.

The plaintiff's first claim for relief involves subsection (2) of § 36–5–7. Subsection (2) guarantees to full-status employees a position of similar grade if the government abolishes their position. The plaintiff argues that since Governor Sundlun "abolished the position as to him," the state must accordingly retain his services in a position of similar grade. This argument tortures the plain meaning of subsection (2). Subsection (2) says "abolition of a position through reorganization or otherwise." The position of sheriff of Newport County still exists. Subsection (2) protects state employees in situations where the government eliminates an entire job, not where a state employee's particular service in that job terminates.

This leaves plaintiff with only one argument, that § 36–5–7 requires the Governor to retain him as sheriff of Newport County. This argument fails in light of § 42–29–1. Section 42–29–1, as amended by P.L.1981, ch. 422, § 1 expressly limits plaintiff's employment to a ten-year term. It reads in part:

> "*Appointment—Duties—Removal.*— There shall be a sheriff for each county, each of whom shall be appointed by the governor and shall hold office for a period of ten (10) years \* \* \* [the sheriff] shall hold office without further appointment for a period of ten (10) years from June 1, 1981, and until a successor is appointed and qualified."

In *McCabe v. Kane,* 101 R.I. 119, 127–28, 221 A.2d 103, 108 (1966), we analyzed the controversy over term versus tenure posi-

tions. In *McCabe* the plaintiff sought tenure in his position as clerk of the Supreme Court, to which position the Governor had appointed him for five years. *Id.* The tenure statute, G.L.1956 § 36–4–59, covering the plaintiff authorized full-status "in the position he shall be holding at the time of obtaining" the required service credit. We held that the position the plaintiff held at the time he obtained full-status was a five-year position. Therefore, if one assumes that the Clerk of the Supreme Court met the qualifications for tenure, then the clerk only held full-status certification for the remainder of that five-year term. *McCabe,* 101 R.I. at 127–28, 221 A.2d at 108.

This reasoning controls this case. Section 36–5–7 states that plaintiff "shall be deemed to have acquired full-status in the position he or she shall be holding at the time of obtaining fifteen (15) years of service credit." At the time plaintiff acquired fifteen years of service credit, he held a position with a ten-year limitation. Therefore, at best, plaintiff could only acquire full-status for the remainder of that ten-year term.

The rule of statutory construction regarding special and general statutes supports this decision. General Laws 1956 (1988 Reenactment) § 43–3–26 reads:

"*Conflicting general and special provisions.*—Wherever a general provision shall be in conflict with a special provision relating to the same or to a similar subject, the two (2) provisions shall be construed, if possible, so that effect may be given to both; and in those cases, if effect cannot be given to both, the special provision shall prevail and shall be construed as an exception to the general provision."

Section 36–5–7 is a general statute since it covers all state employees. *Blanchette v. Stone,* 591 A.2d 785, 787 (R.I. 1991). Section 42–29–1 is a special statute because it only applies to the Governor's appointment and removal power regarding sheriffs. If we assume, as plaintiff suggests, that he qualifies for the tenure protection of § 36–5–7, we cannot give effect to both statutory provisions. Protecting plaintiff's job status under § 36–5–7 conflicts with the express language of § 42–29–1, which limits the sheriff's term of office to ten years.

Pursuant to § 43–3–26, the special provision prevails over the general provision. Accordingly Governor Sundlun's right to appoint his own sheriff in Newport County under § 42–29–1 prevails over the plaintiff's interest in continued employment under § 36–5–7.

For these reasons the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.