DECISION
The plaintiff in this proceeding is William Baird (Baird). The defendants are the Personnel Appeal Board of the State of Rhode Island (Board) and Rhode Island College by the Board of Governors for Higher Education of Rhode Island (College).
Because of the somewhat unusual procedures used in the filing and pleadings in this case, there is no certified record or agreed statement of facts to which the Court may refer. Accordingly, the facts referred to by the Court in this decision are taken from the case file pleadings and the exhibits attached thereto. In addition, there is noted in the case file what is referred to by counsel as a "briefing schedule stipulation" filed on August 13, 1993. That stipulation calls for the filing of counsel's legal memoranda and the submission to this Court of only the question concerning the defendant Personnel Appeal Board's jurisdiction to entertain the plaintiff Baird's appeal. Counsel's legal memoranda has been filed. Notwithstanding a pending motion to dismiss Count 1 in the plaintiff's complaint, which Count is the Administrative Appeal aspect of the case, as well as a pending Counterclaim and demand for jury trial, the stipulated jurisdictional issue was referred to this Court under the guise of an Administrative Procedures Act Appeal Assignment Order on August 18, 1994.
Because the jurisdictional issue appears to be a matter of immediate concern to the defendant Board and also appears to serve as the reason for the Board's stay of several other pending appeals, this Court will address the jurisdictional question presented, and will not undertake to decide of address any of the other case issues or the pending motion.
Case Travel — Facts
From the case file pleadings and exhibits which are part of the file pleadings, it appears that plaintiff Baird, after graduating from the University of Rhode Island was employed by the state, commencing in 1956, as an Assistant Varsity Coach of basketball, and Head Freshman Coach in the same sport at the University of Rhode Island. He also served as an Instructor in the Physical Education Department at the University. From 1960 through 1965 he also served as an Assistant Professor of Physical Education.
In 1965 Baird became Head Basketball Coach and Assistant Professor of Physical Education at Rhode Island College and later, on February 1, 1967, was named Director of Athletics at that College. As of July 1, 1968 he was appointed to the "rank" of Associate Professor, although not a teaching member of the Athletic Department and "achieved tenure status." From 1968 and into 1990, Baird remained in State employed service.
On July 1, 1990, the College, over Baird's objection, reduced both his salary and position. Relying upon the provisions of § 16-59-1.1 and § 36-4-59 Baird filed his appeal with the defendant Personnel Board, contesting the College's personnel action. He asserted in his appeal to the Board that he had served more than twenty (20) years in state service, and as a result had acquired "full status" in the position he was holding on July 1, 1990 and was aggrieved by the action taken by the College. Accordingly he asserted his right as a full status tenured employee, to appeal his position and salary reduction action grievance to the defendant Board.
On August 20, 1990, the Board, without hearing and record, found that it was "without jurisdiction" to hear Baird's appeal and denied and dismissed his appeal. From that decision, and within the time prescribed by § 42-35-15 Baird filed his previously noted Administrative Appeal in this Superior Court.
The Jurisdiction Issue
The specifically limited question to be decided in this decision is whether the defendant Personnel Appeal Board has jurisdiction to entertain appeals by state employees in the unclassified service who have acquired "full status" in their positions based upon at least twenty years of service in state employment pursuant to § 36-4-59.
Section 36-4-59 became part of the State Merit System law on April 21, 1962 as a result of Chapter 202 P.L. 1962. That legislation originally provided that every person who acquired 25 years of service credit in the state employees retirement system in either the classified or unclassified service of the state was deemed to have acquired "full status" in the position he or she held at the time of acquiring 25 years of service credit. In addition, the Act further provided that any such employee, would also have "full status" in any subsequent position held by that employee and without the necessity of examination, and would have the benefit of protections afforded state employees pursuant to Chapter 4 in Title 36, that being the State Merit System portion of Title 36 which pertains in general scope to the rights, duties and protection of public officers and employees. In 1980, nonclassified state employees became part of the class of those who could acquire "full status." P.L. 1980. Ch. 394. In 1986, the 25 year service requirement was amended and reduced to 20 years of service. P.L. 1986. Ch. 58. Certain age restrictions in the original Act were deleted in 1987. P.L. 1987, Ch. 483.
The "without examination" requirement for subsequent position tenure was deleted in 1990. P.L. 1990 Ch. 501.
Notwithstanding the above listed amendments to the original provisions in § 36-4-59 as well as other non-mentioned amendments, two provisions in the original enactment have remained untouched by legislative action. Those two provisions concern the acquisition of full status by a state employee in the position held at the time of his or her accumulating 20 years of service, and the application, in general, of the specific protections afforded state employees by the various provisions of Chapter 4 of Title 39, being the State Merit System. It appears therefore that the answer to the specific question stipulated here for resolution centers upon the meaning of the term "full status" as that term applies to tenured state employees in the classified; nonclassified and unclassified service.
In construing § 36-4-59 for purposes of determining therefrom what the Legislature intended therein by the granting of full status tenure to classified; unclassified and nonclassified state employees after the completion of 20 years of service, this Court must look to the words and language used in the legislative enactment and at the object of its intended purpose. HowardUnion of Teachers v. State, 478 A.2d 563, 565 (R.I. 1984); NewEngland Die Co. v. General Products, 92 R.I. 292, 297 (1961). This Court is required to give effect to the legislative intent it finds expressed in the legislation. Vaudreuil v. NelsonEngineering and Construction Co., 121 R.I. 418, 420 (1979). The words used by the Legislature must of course be given their plain and customary meaning. In re Barnacle, 623 A.2d 444, 450 (R.I. 1993); Trifari v. Employees Retirement System of Providence,485 A.2d 100, 102 (R.I. 1984). The word full is in part defined as "having within its limits all that it can contain. . . not partial." Full means total. The New Webster EncyclopedicDictionary (1984). Accordingly, full status would mean total and complete status or as much status as any state employee could have, without distinction, as to classified, unclassified or nonclassified. Partial is the antithesis of full. If all three classes of state employees were not intended to be given full status tenure after the required 20 years of service, the Legislature would have certainly distinguished between the three classes and would not have used the phrase full status in conjunction with the first two words in the legislation which are "Every person. . ." when referring to state employees. As this Court reads § 36-4-59 and in particular § 36-4-59(4) it concludes that all three classes of state employees, classified, unclassified and nonclassified who accumulate 20 years of state service credit acquire full status in the position that state employee holds. The subsections 1, 2 and 3 in the statute refer to exceptions or qualifications regarding the full status tenure given, none of which pertain to the plaintiff Baird, but subsection 4 therein specifically gives to Baird the benefits of "all the provisions of dismissal and appeal as elsewheredescribed in this chapter." Elsewhere described in Chapter 4,
is Section 42 therein which gives to state employees claiming to be aggrieved by an demotion or personnel action by their appointing authority the right of appeal to the Personnel Appeal Board. Accordingly, in this case, the plaintiff Baird, by virtue of the previous acquisition by him of full status tenure in the position he was holding on July 1, 1990, was aggrieved by the action of his appointing authority and was entitled to the appeal procedures provided for in § 36-4-42.
In so concluding this Court notes that in 1966, our Supreme Court had occasion to consider the meaning and effect of the §36-4-59 "full status" phrase. McCabe v. Kane, 101 R.I. 119, 127-128 (1966). In that case, McCabe who had been the Clerk of the Supreme Court for over twenty five years had been replaced by Kane. McCabe, an unclassified employee, asserted that as a result of § 36-4-59 he had acquired full status in his Clerk position. He claimed the statute gave him permanent tenure. The Supreme Court rejected his permanent tenure claim, and premised its rejection on the fact that McCabe had been appointed to the Clerk's position for a term of five years. Accordingly the Supreme Court said that his tenure protection in the position he held expired upon the completion of his five year term. Implicit however in the McCabe case is the recognition by the Supreme Court that had McCabe's five year term appointment not expired, he could not have been removed except for cause, despite the fact that he was in the unclassified service. That implicit position is made clear in the Supreme Court's statement in the McCabeCase at p. 128.
 "Assuming arguendo that his salary is not specified by statute, the "full status" acquired by him after twenty-five years of service credit in the state employees retirement system as specified in the agreed facts entitles him to tenure in the position he shall be holding at the time of obtaining such twenty five (25) years of service credit, namely, the five-year term of office he was holding at that time, during which he could not be removed except for cause. That term has expired and so has the protection afforded plaintiff by § 36-4-59. In view of this conclusion we do not reach the question whether plaintiff is excluded by the provisions of § 36-4-59(d). (§ 36-4-59(d) is now § 36-4-59(3) and not pertinent here).
Some twelve years later in Lynch v. Gontarz, 120 R.I. 149, 154-155 (1978) our Supreme Court held that absent an allegation of discrimination, an unclassified state employee served at the pleasure of his or her appointing authority, absent sufficient cause for discharge and a suspension or dismissal of employment could not be construed as a contested case within the purview of the Administrative Procedures Act and a state unclassified employee could be terminated without prior hearing, and was not entitled to appeal to the Personnel Appeal Board. It should be noted that the main thrust of the Lynch case was in construing the designation "contested case" as used in the Administrative Procedures Act and the denial of Fourteenth Amendment due process rights. Nothing in the Lynch case concerned consideration of §36-4-59 and in fact, the McCabe v. Kane earlier holding was neither cited or referred to. McCabe at this time is still good law. The Legislature is presumed to be cognizant of Supreme Court opinions regarding its enactments. In this case, this Court must assume that had the Legislature any reason to disagree with the Supreme Court's acknowledgment of protected full status tenured employment for an unclassified state employee after 20 years of service, it would have registered that disagreement in one of its many legislative amendments of § 36-4-59 since 1966. Its failure to do so inclines this Court to conclude that it had no fault to find with the holding in the McCabe case.
This Court finds that when the Legislature in 1962 enacted §36-4-59 it did so for the purpose of providing full status job security for long-term unclassified state employees who had devoted originally 25, and now 20 years of their work life to giving faithful service in state government. At the time of the enactment of § 36-4-59 one need only refer back, time wise, to the 1958-1962 gubernatorial elections and sense therefrom the uncertain and unsettled unclassified state employee climate which might shed some light on one of the reasons why the Legislature would have been concerned with protecting longtime unclassified state personnel with tenured position job security.
This Court as its construes § 36-4-59 as it pertains to the facts in this case with regard to the plaintiff Baird finds that when an unclassified state employee acquires full status tenure in his position, or in any subsequent after tenure acquired position, that employee is entitled to the full benefit of the rights and protections set out in the State Merit System Law which is the "Chapter" referred to in § 36-4-59(4). That means, removal, suspension or demotion, etc., for cause only, with the right of appellate review before the Personnel Appeal Board and the attendant right of appeal provided by the Administrative Procedures Act § 42-35-15.
Accordingly, the defendant Board's decision dated August 20, 1990 as to its lack of jurisdiction over the Plaintiff Baird's appeal to the Board is reversed.
In order not to add to the present case file "procedural thicket" (Cheatham v. Cheatham, 121 R.I. 337, 341 (1979)) this Court, pursuant to Rule 54 R.C.P. directs entry of final judgment on the specific jurisdictional issue decided herein. The Court finds there is no just reason for delay in the entry of final judgment on the jurisdictional question until all the other claims in the case are adjudicated.
Counsel shall prepare and submit the appropriate final judgment for entry by the Court within ten (10) days.