Donald J. DONNELLY

v.

Lincoln C. ALMOND, in His Capacity as Governor of the State of Rhode Island, et al.

No. 96–65–Appeal.

Supreme Court of Rhode Island.

July 3, 1997.

William J. Corcoran, Newport, for Plaintiff.

Linda Duva George, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case involves wrongful-discharge claims filed by the plaintiff, Donald J. Donnelly, against various state officials.[1] Alleging that he had acquired "full status," G.L. 1956 § 36–5–7(a),[2] in his position as chief deputy sheriff, the plaintiff contends that the defendant sheriff of Newport County, Norman J. Faria, should not have placed him on "layoff status" in 1991 because of a "severe

shortage of funds." The plaintiff sought below, *inter alia,* declaratory relief, injunctive relief, reinstatement, back pay, compensatory and punitive damages, and a writ of mandamus ordering the Personnel Appeal Board to hear his appeal. A Superior Court justice granted the defendant state officials judgment on the pleadings in regard to five of the plaintiff's six counts and dismissed the plaintiff's remaining count, which sought the writ of mandamus, with prejudice.

■ The plaintiff argues on appeal that he acquired full status pursuant to § 36–5–7(a) because he is "an honorably discharged veteran of the armed forces of the United States who has completed fifteen (15) or more years * * * of service credit" as a state employee. However, the motion justice ruled that § 36–5–7 did not apply to plaintiff because his term of office as Newport's chief deputy sheriff was dependent on the Newport sheriff's ten-year term of office as specified in G.L.1956 § 42–29–1. In response plaintiff contends that unlike county sheriffs and the deputy high sheriff of Providence County, whose terms of office are specified in § 42–29–1, the position of chief deputy sheriff of Newport County does not have a term of office (or a salary) specified by statute. Thus, plaintiff contends, the exception provided in § 36–5–7(a)(3) ("this section shall not apply to employees of the state government whose method of appointment and salary and term of office is specified by statute") does not apply and the full-status provisions of § 36–5–7(a) should have been applicable to him in his former position and prevented his being placed on layoff status. For reasons analogous to and derivative of those we gave in *Casey v. Sundlun,* 615 A.2d 481 (R.I.1992), we disagree. There we held that, even "[a]ssuming, *arguendo,* that plaintiff qualifies for full-status certification under § 36–5–7, he still is not entitled to any relief." *Id.* at 482.

1. The plaintiff sued Bruce G. Sundlun, then-Governor of Rhode Island; Anthony J. Solomon, then-General Treasurer of Rhode Island; and Norman J. Faria, sheriff of Newport County, in their official capacities as well as allegedly in their individual capacities. Pursuant to Super. R. Civ. P. 25(d)(1), and to the extent they were sued in an official capacity, we have substituted the incumbent Governor, Lincoln C. Almond, and the incumbent General Treasurer, Nancy J. Mayer, as defendants and have amended the caption accordingly.

2. This section was amended after this action commenced. Because such amendments do not affect the disposition of this case, we cite the statute as it presently exists.

Just as in *Casey*, where we held that the plaintiff sheriff was not entitled to relief because the Governor's specific right to appoint his own sheriff under § 42–29–1 prevailed over the plaintiff's general interest in continued employment under § 36–5–7, 615 A.2d at 483, so too here plaintiff, as a chief deputy sheriff, is not entitled to relief because the sheriff's specific right to appoint and revoke any deputation under §§ 42–29–4 and 42–29–9 prevails over plaintiff's general interest in continued employment under § 36–5–7.[3]

The chief deputy sheriff is appointed by the sheriff, § 42–29–4, and is employed in the unclassified service of the state, § 36–4–2(13). However, according to § 42–29–9, "[a]ny sheriff may revoke any deputation by him or her given * * *." Thus, on the basis of this provision, a chief deputy sheriff like plaintiff can have his or her appointment revoked at will by the appointing sheriff. Moreover, pursuant to § 42–29–27, "[i]n case of the death of any sheriff, his or her deputy or deputies shall continue in office, unless removed as herein provided, and shall execute the duties of the office, in the name of the deceased, *until another sheriff shall be appointed and sworn * * *.*" (Emphasis added.) Although these statutory provisions do not expressly fix a chief deputy sheriff's term of office, they do indicate that such term is dependent on the will of the appointing sheriff and, in any event, ends when that sheriff dies and a new sheriff is duly appointed and sworn into office.

Relying on the above-cited statutory provisions, we conclude that the General Assembly has specified by statute that the term of office for the chief-deputy-sheriff position is one that is coincident with the term of office of the appointing sheriff, except that it shall end earlier if, upon the death of the appointing sheriff a new sheriff is duly appointed, sworn into office, and bonded, and provided further that the chief deputy sheriff's term is always subject to earlier revocation at will by the appointing sheriff.

 Finally, we note that as in *Gibbons v. State of Rhode Island,* 694 A.2d 664, 664–65 (R.I.1997), the plaintiff's receipt of a certificate from the state purportedly showing his full-status attainment cannot be relied upon to confer upon him a status that the law does not otherwise entitle him to obtain.

After considering these and the plaintiff's other arguments (which we conclude either lack merit or are inadequately raised), we deny and dismiss the appeal and affirm the judgment below.

GOLDBERG, J., did not participate.

---

**3.** Although the letter plaintiff received indicated that he was being placed on layoff status, we accept plaintiff's allegation that this action resulted in his being terminated, thereby effectively revoking his deputation.