AMENDED DECISION
Before the Court is a declaratory judgment action brought by the Rhode Island Public Telecommunications Authority (plaintiff or Channel 36). The parties in this action have submitted a partial statement of agreed-upon facts and now seek a determination of whether Glenn Russell (Russell) is entitled to the protections of G.L. 1956 § 36-5-7, and if so, whether Channel 36 or the Rhode Island Department of Administration (DOA) is responsible for providing Russell employment. Jurisdiction in this Court is pursuant to G.L. 1956 § 9-30-1.
 Facts and Travel
On April 20, 1978, Russell was hired by the State of Rhode Island (State) to work in the Department of Education, working on educational television.[1] Russell was hired as an unclassified state employee. In 1982, pursuant to the Education Act of 1981, P.L. 1981, ch. 32, authority over educational television was transferred from the Department of Education to Channel 36. As such, Russell, along with his coworkers in educational television, was transferred to Channel 36. Channel 36, which currently employs twenty-two (22) employees, receives a portion of its funding from the State.
Russell worked for Channel 36, as a non-classified employee, until September 18, 1992. At that time, the position Russell held as Director of Public Affairs was eliminated by Channel 36's management, in an effort to reorganize the agency. On July 29, 1992, Russell's union, the Rhode Island Department of Education Professional Employees Union, Local 2012, A.F.T. (Union), filed a grievance on Russell's behalf. On August, 20, 1992, Channel 36 and the Union signed a "Memorandum of Agreement," postponing Russell's layoff date for twenty-eight (28) days. Pursuant to the Agreement, the Union withdrew its grievance.
At the time of his termination, Russell had obtained fifteen (15) years of service credit with the State. Furthermore, Russell is an honorably discharged veteran of the armed forces.
In September of 1993, Russell learned that he may be entitled to "veteran's status" under G.L. 1956 § 36-5-7. Section 36-5-7 states, in relevant part, that once an honorably discharged veteran of the armed services has earned fifteen (15) years of service credit in either classified, nonclassified, or unclassified service, that person shall be deemed to have acquired "full status," also referred to as "veteran's status." Furthermore, pursuant to § 36-5-7, any person who qualifies for veteran's status and is laid off or loses employment through the abolition of a position shall be retained within the state services in a position of similar grade. G.L. 1956 § 36-5-7(a)(2).
On September 18, 1992, upon learning of this potential entitlement, Russell applied to the Office of Personnel Administration (OPA) of the Department of Administration to determine whether he was entitled to veteran's status. Channel 36 was not notified of Russell's inquiry. That same month, OPA determined that Russell was entitled to veteran's status. Again, Channel 36 was not notified.
Almost one year later, on September 3, 1993, Russell wrote to a hearing officer at the DOA requesting a hearing to determine how and when the State would provide him with employment, pursuant to his veteran's status. On October 28, 1993. the Administrator of Adjudication at the DOA held that Russell did possess veteran's status, and as such, was entitled to be restored to his previous position, or "to a position of similar grade at Channel 36." In the Matter of Glenn Russell, Appeal No. 93-382, Office of the Administrator, October 23, 1993.
On December 10, 1993, Channel 36 received a letter from Russell's then-attorney, Kevin McKenna, requesting that Channel 36 reinstate Russell, pursuant to the decision. Soon after, on December 30, 1993, Channel 36 filed a complaint in Superior Court seeking (1) a declaration that the Administration of Adjudication lacked jurisdiction to hear Russell's "appeal"; (2) a declaration of Channel 36's rights under the memorandum entered into by Russell's union and Channel 36; and (3) an appeal of the Administrator's decision.
 Jurisdiction
The Rhode Island Uniform Declaratory Judgments Act provides that:
 "[a]ny person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of fights, status, or other legal relations thereunder." G.L. 1956 § 9-30-2.
Under the Act, an interested party may have the court, in its discretion, evaluate the validity and construction of a contract. Here, Russell's rights under G.L. 1956 § 36-5-7 are at issue. The plaintiff, Channel 36, has an interest in these rights because under the Administrator's decision, Channel 36 is to provide Russell with employment. The DOA is an interested party as well, because Channel 36 is seeking a declaration that the DOA is responsible for securing Russell with any employment to which he may be entitled. Furthermore, Channel 36 was a party to the agreement now before this Court. Therefore, this Court finds the requisite justiciable controversy and will exercise its discretion to entertain Channel 36's request for declaratory relief. Berberian v. Travisono, 114 R.I. 269, 332 A.2d 121
(1975). In doing so, this Court affirms the purpose of the Uniform Declaratory Judgment Act to terminate and determine controversies. See Fireman's Fund Ins. Co. v. E.W. Burman, Inc.,120 R.I. 841, 391 A.2d 99 (1978).
 Veteran's Status
Both the DOA and Channel 36 argue that Russell is not entitled to veteran's status because, as a non-classified employee of Channel 36, he did not fall within the protections of Title 36, which covers the veteran's status statute. Although no case addresses the specific issue of eligibility for veteran's status, the DOA and Channel 36 argue that our Supreme Court has held that Title 36 of the General Laws is limited to classified
and unclassified state employees.
The DOA cites Rhode Island Board of Governors for HigherEducation v. Newman, 688 A.2d 1300 (R.I. 1997), as standing for the proposition that non-classified employees are not covered by Merit System Laws.[2] However, the Newman decision addressed a situation in which a more specific statute trumped a general statute. In Newman, our Supreme Court held that Title 36 of the General Laws has no application to non-classified employees who are subject to the exclusive control of the Commissioner of Higher Education because G.L. 1956 § 16-59-7, a section of the chapter of the General Laws controlling higher education, specifically limits authority over such employees to the Commissioner. Id. at 1303. The issue in Newman a specific statute trumping a general statute, does not arise here. Therefore,Newman is not applicable here.
Channel 36 also argues that our Supreme Court in AmericanAssociation of University Professors v. Board of Regentsfor Education, 118 R.I. 216, 373 A.2d 168 (R.I. 1977), held that non-classified state employees are not covered by the Merit Systems Law. Although the court did so state in a footnote,[3] the law has since changed: In 1980, the legislature included non-classified state employees in the Merit System Laws by amending § 36-4-59 to include the word "non-classified."[4] P.L. 1980, Ch. 394. Accordingly, AmericanAssociation of University Professors does not apply here. Furthermore, the statute that is at issue, § 36-5-7, specifically includes non-classified state employees as eligible for full or veteran's status. See Baird v. Personnel Appeal Board. of R.I., 1995 WL 941434 (R.I. Super. 1995).
One final argument offered by Channel 36 is that Russell is not entitled to veteran's status because he is barred by subsection (a)(3) of § 36-5-7, which specifically states that the provision does not apply to those employees whose appointment, salary, and term of office is determined statutorily. Channel 36 argues that the term of Russell's position was, according to G.L. 1956 § 16-61-8, dependent on Channel 36's General Manager's term in office or the General Manager's approval of him.
In Donnelly v. Almond, 695 A.2d 1007 (R.I. 1997), our Supreme Court held that a former chief deputy sheriff, who was an honorably discharged veteran and had completed at least fifteen (15) years of service credit, did not qualify for full status because his term was specified by statute. Although the statutes did not set an express term of office for the chief deputy sheriff, they did "indicate that such term is dependent on the will of the appointing sheriff," and "in any event, ends when that sheriff dies and a new sheriff is duly appointed . . . into office." Id. at 1009. Furthermore, the term of the sheriff's position, upon which the chief deputy sheriff's position depended, was statutorily specified. Id. at 1008 (citing Casey v.Sundlun, 615 A.2d 481 (R.I. 1992)).
Channel 36 argues that Russell's former position is analogous to the chief deputy sheriff position held by the plaintiff inDonnelly. This Court disagrees. In Donnelly, our Supreme Court held that chief deputy sheriff position was coincident with the term of office of the appointing sheriff, with the exception that it may end earlier upon the death of the sheriff, or by revocation at will by the sheriff. Id. at 1009. Russell's position was not one that was coincident with the term of Channel 36's General Manager. The General Manager's term is not set for a period of years, as is a sheriff's term, and an employee in Russell's position would not necessarily be terminated because the General Manager's term ended.
Therefore, this Court declares that Russell is entitled to veteran's status under § 36-5-7.
 Enforcement of § 36-5-7
This Court will now decide, after determining that Russell is entitled to veteran's status, who must place Russell in employment. A reading of the statute indicates that the DOA must fulfill this duty.
Subsection (a)(2) of § 36-5-7 states that "in case of layoff or the abolition of a position through reorganization or otherwise, any person in that position or subject to layoff, who has full status, otherwise qualified under this section, shall be retained within the state services in a position of similar grade[.]" "It is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." Providence Worcester Railroad Co. v. Pine,729 A.2d 202, 208 (R.I. 1999) (quoting Accent Store Design, Inc.v. Marathon House, Inc., 674 A.2d 1223, 1226 (R.I. 1996)).
The plain language of the statute in question dictates that a state employee with veteran's status shall be retained in the state services. The statute does not state who shall retain the state employee in state service. However, it is clear that nothing in the statute requires the same agency or department where the employee had previously worked to retain or find employment for that employee.
While the statute does not specifically mention the DOA, "it is a familiar principle in statutory interpretation that [a] court will not attribute to the Legislature an intent to enact laws that lead to absurd or unreasonable results." State v.McDonald, 602 A.2d 923, 926 (R.I. 1992). The DOA is the state agency responsible for making available to state agencies qualified candidates for employment as vacancies occur. G.L. 1956 § 36-3-5(5). Russell shall be retained in state service. Therefore, the agency responsible for placing him in state service is the agency responsible for making employees available to state agencies: the DOA.
 The "Memorandum of Agreement"
Channel 36 also asks for a declaration of its rights pursuant to the Agreement executed between the Union and Channel 36. Channel 36 argues that in the Agreement, Russell waived the right to pursue any claims regarding his layoff. While this is true, it does not prevent Russell from pursuing his statutory right to veteran's status. This is not a grievance or claim regarding his layoff. By seeking to have his rights under 36-5-7 enforced, Russell was not contesting the legality or equity of his layoff; he was merely pursuing his post layoff rights, as set forth in the General Laws. For this reason, Russell did not waive his right to veteran's status under § 36-5-7.
 The Appeal to the OPA
While Channel 36 and the DOA focus on the administrative appeal elements of Russell's September 3, 1993 request for a hearing, this Court finds the issue irrelevant to the action presently before it.[5] "A declaratory judgment may be rendered whether or not the plaintiff has requested the [Personnel Appeal Board] to pass upon the validity or applicability of the rule in question." See Code of Rhode Island Rules, 01 060 002, Rule 15. This Court, under the jurisdiction set forth by the Declaratory Judgment Act, finds that Russell is entitled to veteran's status, and the DOA is the agency that shall find employment for Russell.
 Conclusion
This Court declares that Russell is entitled to veteran's status, as defined by § 36-5-7. As a result of this status, Russell is entitled to be retained in the state service in a position of similar grade to the one he previously held as Director of Public Affairs at Channel 36. This Court further declares that the duty of placing Russell in such a position, when and if it becomes available, lies with the DOA.
Counsel shall prepare an appropriate order for entry.
[1] At the time, Channel 36, which broadcasts educational television, came under the auspices of the Department of Education.
[2] Sec. 36-4 et seq. The Merit System Laws closely parallel the veteran's statutes (§ 36-5 et seq.).
[3] See id. at 169, 218, footnote 1.
[4] Section 36-4-59 mandates that every person who has twenty years of service credit in either classified, non-classified or unclassified service of the state shall be deemed to have "full status."
[5] The appeal was a letter sent to a hearing officer at the DOA, requesting a hearing regarding his rights under § 36-5-7.