Edward J. PLUNKETT

v.

STATE of Rhode Island.

No. 2001–303–Appeal.

Supreme Court of Rhode Island.

Dec. 5, 2002.

Bernard Patrick Healy, Foster, for Plaintiff.

James R. Lee, Providence, for Defendant.

Present: LEDERBERG, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The plaintiff, Edward J. Plunkett, has appealed a Superior Court judgment denying his request for injunctive relief, after the Chief Justice of the Rhode Island Supreme Court declined to reappoint him as executive director of the Statewide Judicial Information System (SJIS).[1] The plaintiff has raised two issues on appeal; first, whether the SJIS executive director is an assistant to the court administrator and serves at the pleasure of the Chief Justice, pursuant to G.L.1956 § 8–15–4; and second, if the executive director is found to be such an assistant, whether G.L.1956 § 36–4–59 entitles the executive director to full status or tenure after twenty years of state service, thereby protecting him from being subject to discharge without cause.

This case came before the Supreme Court for oral argument on October 31, 2002, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the record and the memoranda filed by the parties, we are of the opinion that cause has not been shown, and we proceed to decide the appeal at this time.

The essential facts in this case are not in dispute. The plaintiff had been employed by the State of Rhode Island for more than twenty-one years, beginning with his appointment in 1978 as director of SJIS. In 1986, he became the executive director of SJIS, a position he held until the Chief Justice of the Supreme Court notified him by letter dated March 1, 2001, that his employment would be terminated, effective

1. SJIS is currently known as the Rhode Is-     land Judicial Technology Center.

April 1, 2001. The plaintiff filed a complaint in the Superior Court, alleging that he had been wrongfully discharged and seeking declaratory and injunctive relief. The Superior Court justice denied injunctive relief, and plaintiff appealed.

■ Both issues in this case hinge on questions of statutory interpretation, which this Court reviews *de novo*. *State v. Fritz*, 801 A.2d 679, 682 (R.I.2002). The first issue is whether the SJIS executive director is an assistant to the court administrator and thus serves at the pleasure of the Chief Justice, pursuant to § 8–15–4(a), which provides: "The chief justice shall appoint a court administrator and such assistants as he or she deems necessary to aid in the administration of the judicial system. The administrator and his or her assistants shall serve at the pleasure of the chief justice." The plaintiff argued that the executive director is not an assistant to the court administrator because "[t]he various offices of state government who use and are served by [SJIS] extend far beyond the judiciary branch," and thus SJIS and its executive director are "simply not under the exclusive direction of the Chief Justice."

■ We disagree with plaintiff's interpretation of the SJIS executive director's position. Although other state agencies, such as the Department of Corrections and the Office of the General Treasurer, use the SJIS database, plaintiff's work dealt with dissemination of *judicial* information. Moreover, whether the SJIS executive director is an assistant to the court administrator depends on whether the oversight and management of plaintiff's position lies within the control of the court. The plaintiff admitted in deposition testimony that he "would report to the state court administrator," that it was plaintiff's "responsibility to do assignments from the state court administrator," and that "if either

the chief justice or the state court administrator requested to meet with [him], it would be part of his job performance, job duties, to meet with those people[.]" These responsibilities constitute clear indicia that plaintiff, as SJIS executive director, served as an assistant to the court administrator. Therefore, we affirm the decision of the Superior Court justice on this issue.

■ Having established that the SJIS executive director is an assistant to the court administrator for purposes of § 8–15–4, the next issue we address is whether plaintiff achieved full status as SJIS executive director because he held that position at the time he obtained twenty years of service credit for the state. Section 36–4–59(a)(1) provides, in pertinent part:

"Every person who shall have twenty (20) years * * * of service credit, the credits having been earned in either the classified, nonclassified, or unclassified service of the state * * *, shall be deemed to have acquired full status in the position he or she holds at the time of obtaining twenty (20) years of service credit."

Subsection 36–4–59(a)(2)(iii), however, distinguishes § 36–4–59(a)(1) by providing that "[section 59] shall not apply to employees of the state government whose method of appointment and salary and term of office is specified by statute."

The plaintiff argued that § 8–15–4 does not provide a definitive and finite term to the position of assistants to the court administrator, but merely stipulates that assistants "shall serve at the pleasure of the chief justice." Therefore, plaintiff contended, § 8–15–4 neither conflicts with § 36–4–59, nor falls within the exception set forth in § 36–4–59(a)(2)(iii). Thus, plaintiff urged, even if he served at the discretion of the Chief Justice during his

first twenty years of service, at the time he obtained full status by March 2001, he no longer was subject to discharge without cause. We disagree.

The plaintiff may not rely on his twenty years of service to protect him from discharge because the Chief Justice's specific statutory power to remove assistants at will prevails over the general "full status" provision, § 36–4–59(a)(1), cited by plaintiff. The parties and the Superior Court justice cited several cases in which this Court has applied G.L.1956 § 43–3–26, a statute that directs the statutory construction of conflicting provisions of the General Laws and provides:

> "Wherever a general provision shall be in conflict with a special provision relating to the same or to a similar subject, the two (2) provisions shall be construed, if possible, so that effect may be given to both; and in those cases, *if effect cannot be given to both, the special provision shall prevail and shall be construed as an exception to the general provision.*" (Emphasis added.)

This Court in *Donnelly v. Almond,* 695 A.2d 1007, 1009 (R.I.1997), *Casey v. Sundlun,* 615 A.2d 481, 483 (R.I.1992), *Blanchette v. Stone,* 591 A.2d 785, 787 (R.I. 1991), *McCabe v. Kane,* 101 R.I. 119, 127–28, 221 A.2d 103, 108 (1966), and the United States First Circuit Court of Appeals in *Hawkins v. Rhode Island Lottery Commission,* 238 F.3d 112, 114 (1st Cir.2001), have applied § 43–3–26 and have held that specific legislation, such as § 8–15–4 at issue here, trumps more general legislation, such as § 36–4–59. In *Donnelly* and in *Hawkins,* the specific at-will provisions of applicable statutes were held to prevail over the general provision set forth in § 36–4–59.

The plaintiff has suggested that *Wilkinson v. State Crime Laboratory Commission,* 788 A.2d 1129 (R.I.2002) provides support for his retention. Although that case held that achieving full status under § 36–4–59 provided state employee Wilkinson with a property right in the position he held at that time, its conclusion is not applicable to the case before us. *Wilkinson,* 788 A.2d at 1140. Here, the plaintiff assumed the position of SJIS executive director *after* the enactment of § 8–15–4, not before its enactment, as occurred in Wilkinson's case. Accordingly, the plaintiff here was not entitled to "full status" as SJIS executive director under the general statute § 36–4–59 when he reached twenty years of state service because the trumping-specific provision in § 8–15–4 states that assistants to the court administrator, including the plaintiff, serve at the pleasure of the Chief Justice. Therefore, the trial justice correctly denied the plaintiff's request for injunctive relief.

In summary, therefore, we deny the plaintiff's appeal, affirm the denial of injunctive relief, and return the papers in this case to the Superior Court.

Chief Justice Williams did not participate.