## TOWN OF NORTH KINGSTOWN

v.

## LOCAL 473, INTERNATIONAL BROTHERHOOD OF POLICE OFFICERS, N.A.G.E., et al.

### No. 2002–149–Appeal.

Supreme Court of Rhode Island.

April 4, 2003.

George H. Rinaldi, Providence, for Plaintiff.

Gary T. Gentile, Warwick, for Defendant.

Present: WILLIAMS, C.J., FLANDERS and GOLDBERG, JJ, and WEISBERGER, C.J. (ret.).

### OPINION

PER CURIAM.

The plaintiff, Town of North Kingstown (town), was granted summary judgment on

its complaint for a declaratory judgment. The Superior Court judgment said that a town employee, a police officer under investigation by the town for possible improper conduct while on duty, had no right to have a union representative present during the interrogation. The defendants, Local 473, International Brotherhood of Police Officers, N.A.G.E., and its president, Patrolman Joseph Hart, and vice president, Patrolman Patrick Flanagan, in their official capacities (collectively, the union), appealed. This case came before the Supreme Court on March 5, 2003, pursuant to an order that the parties show cause why the issues raised should not be summarily decided. Upon hearing the arguments of counsel and examining the memoranda filed by the parties and the record of the proceedings below, we conclude that cause has not been shown, and that the case should be decided at this time. We deny the defendants' appeal.

The parties in this case submitted an agreed statement of facts to the Superior Court. According to the facts, a police officer employed by the town was under investigation by the town on or about February 1999 for possible improper conduct while on duty. The employee asked for union representation during the interrogation, and the union, on the employee's behalf, asserted that the employee was entitled to such representation, in addition to representation by an attorney. The interrogation was delayed, and the town filed suit in Superior Court seeking a declaratory judgment declaring that no police officer under investigation for alleged misconduct be entitled to union representation. Both parties moved for summary judgment.

After a hearing, the motion justice entered judgment denying defendants' motion for summary judgment and granting plaintiff's motion. The motion justice subsequently entered a declaratory judgment in favor of the town, which declared that:

"1. No police officer under investigation for alleged misconduct is entitled to have anyone present during an interrogation under the Law Enforcement Officers' Bill of Rights other than an attorney of his or her choice;

"2. No police officer under investigation for alleged misconduct may lawfully refuse to participate in a Law Enforcement Officers' Bill of Rights interrogation on account of his or her employer's denial of the employee's request for union representation at the interrogation; and

"3. No collective bargaining agent may lawfully demand that a union representative be present during an interrogation of any employee pursuant to the Law Enforcement Officers' Bill of Rights."

The union appealed this grant of summary judgment and the accompanying declaratory judgment.

The union argues that the officer in this case has a right to union representation at his interrogation. As authority for this right, the union argues that G.L.1956 § 28–7–12 of the Rhode Island State Labor Relations Act (RILRA), should be interpreted in accordance with its federal analog, chapter 7 of the National Labor Relations Act, 29 U.S.C. § 157 (the NLRA), as interpreted by the United States Supreme Court in *National Labor Relations Board v. J. Weingarten, Inc.*, 420 U.S. 251, 267, 95 S.Ct. 959, 969, 43 L.Ed.2d 171, 184 (1975) (*Weingarten*) (holding that an employer's denial of an employee's request that a union representative be present at an investigatory interview amounted to an unfair labor practice under chapter 7 of the NLRA). Although we acknowledge that the RILRA closely mirrors the portion of the NLRA upon

which the *Weingarten* court relied, in this case the Legislature has created a specific statute outlining a comprehensive mode of procedure to govern the investigation of a police officer for misconduct. Thus, we decline to apply *Weingarten* and the federal case law interpreting it in this particular instance.

We hold that, in this case, the specific statute addressing the interrogation at issue here, the Law Enforcement Officers' Bill of Rights (Bill of Rights or the statute), G.L.1956 chapter 28.6 of title 42, represents the entire body of rights the Legislature intended to apply to police officers in this type of context, and thus supersedes the RILRA and any *Weingarten* rights derived therefrom. The Bill of Rights provides officers under investigation for misconduct with a comprehensive scheme of protection. The statute delineates how an investigation should be conducted and how a hearing should be conducted in the event that the investigation should lead to a recommendation that the officer be punished, and provides an officer a means of appealing an adverse decision by the hearing committee. Most importantly for the present case, the Bill of Rights grants an officer under interrogation "the right to be represented by counsel of his or her choice who shall be present at all times during the interrogation." Section 42–28.6–2(j). None of the fourteen subsections outlining the conduct of an investigation grant the employee a right to union representation at that time.[1]

Significantly, the Bill of Rights does address the role of the union when a police officer has been accused of misconduct. Section 42–28.6–4 grants an officer a right to a hearing if the interrogation results in the recommendation of any punitive measures, and lays out a process for the selection of a hearing committee. Under § 42–28.6–4(f), the chairman of that committee may be selected by the presiding justice of the Superior Court. Section 42–28.6–4(h) gives the union a substantial role in the selection of the chairman, because the union is responsible for giving the justice a list of candidates for the position:

"Two (2) lists of active police officers available to serve as chairmen of hearing committees under this chapter shall be provided annually to the presiding justice of the superior court. One list shall be provided by the Rhode Island police chiefs' association; the other shall be appointed, jointly, by the Fraternal Order of Police and the International Brotherhood of Police Officers. In selecting officers to serve as chairmen of hearing committees under this chapter, the presiding justice shall alternate between the two (2) lists so provided."

The comprehensiveness of the Bill of Rights creates a mosaic of procedural protections to officers being interrogated for misconduct and provides a specific role for the union in this process. This, we believe, reflects a legislative intent to make the Bill of Rights the only source of remedies available to officers being interrogated; the Legislature did not intend to pyramid the Bill of Rights on top of the RILRA. *See In re Sabetta,* 661 A.2d 80, 83 (R.I.1995) ("[The Bill of Rights] serves as the exclusive remedy for permanently appointed law enforcement officers who are under investigation and subject to disciplinary action."). Because the two statutes would conflict if we applied the *Weingarten* right to union representation in this instance, we regard the specific statute, the Bill of Rights, to have superseded the more general statute, the RILRA. G.L.

---

**1.** It is interesting to note that the attorney who represented the officer at his interrogation also happened to be general counsel for the union. This does not affect our decision in this case.

1956 § 43–3–26; *Plunkett v. State*, 810 A.2d 787, 790 (R.I.2002) (per curiam); *Blanchette v. Stone*, 591 A.2d 785, 787 (R.I.1991). Thus, because the Bill of Rights affords an officer only the right to an attorney of his choice and not the right to a union representative during an interrogation for misconduct, the Superior Court justice was correct in rendering a declaratory judgment stating that no right exists to union representation at such interrogation.

Accordingly, we deny and dismiss the defendants' appeal. We affirm the judgment of the Superior Court, to which we return the papers in this case.