DECISION
This cause is before this Court in connection with the complaint heretofore filed by Edward J. Plunkett ("plaintiff") asserting that he had been wrongfully discharged from his position as Executive Director of the State Judicial Information System ("RIJSS") wherein he sought both declaratory and injunctive relief. Essentially, the cause was submitted to the Court following the initial pleadings on memoranda, together with the video-taped deposition testimony taken from plaintiff on May 10, 2001.
The parties have essentially agreed that in March, 2001, plaintiff received a letter, which has been marked as Plaintiff's Exhibit B, from the Chief Justice of the Supreme Court which advised plaintiff inter alia that the Chief Justice ". . . has the power to appoint the Court Administrator and such assistants as he deems necessary." That letter went on to state that ". . . you serve at the pleasure of the Chief Justice. Accordingly, you will not be appointed to serve in this administration; your employment is terminated effective April 1, 2001."
The facts further demonstrate that plaintiff became Executive Director of the state-wide judicial information system in 1986, having been so appointed by the then Chief Justice of the Rhode Island Supreme Court, Joseph A. Bevilacqua. (See Exhibit A).
Plaintiff herein claims (a.) that as Executive Director of the state-wide judicial information system, he is not within the purview of Title 8, Chapter 15, Section 4 of the General Laws of Rhode Island, 1956, 1997 Reenactment, an assistant as therein used in the phrase ". . . Court Administrator and such assistants . . ." and (b.) that in any event, the provisions of Title 36, Chapter 4, Section 59 of the General Laws of Rhode Island, 1956, 1997 Reenactment, mandate that after 20 years of service he is entitled to full status in his position and, therefore, cannot be replaced by the Chief Justice.
Factually, there is no question but that plaintiff has been employed by the State of Rhode Island for over 21 years. (See Deposition, page 5, lines 21-24). Further there is no question but that when plaintiff completed his 20th year of service with the state, he was serving as the Executive Director of the state-wide judicial information system. (Deposition page 6, lines 1-4).
With all of the foregoing as the basis for decision, this Court is asked to determine if (a) plaintiff, within the contemplation of the statutory section first mentioned above, was an assistant to the Court Administrator and (b) in any event, in view of his having attained 20 years of state service, is he afforded tenure by reference to the statute last mentioned above.
At the outset, the Court notes that the title afforded to the position which was formerly held by the plaintiff was not "Assistant Administrator," but rather was Executive Director of the state-wide judicial information system. Nothing has been called to the Court's attention which ascribes any particular magic to the appellation accorded to the job title. The Court also notes that § 8-15-4 while capitalizing Court Administrator refers to "his assistant" using the lower case. From the foregoing, the Court derives the fact that one need not have the title "Assistant Court Administrator in order to be an assistant to the Court Administrator." The fact that information maintained in the so-called RIJSS System to some extent is shared with administrative or executive agencies does not, in the opinion of this Court, make the RIJSS System an inter-agencies system rather than part of the court system subject (as to its Director) to serve at the pleasure of the Chief Justice. Of course, there is no question that information generated by and maintained in the judicial information system also is utilized by the Office of Attorney General, the Public Defender, the Division of Corrections, as well as by the Office of General Treasurer, the Office of the Secretary of State, and for certain purposes of D.C.Y.F. That utilization has not been demonstrated to remove management of the function from the control of the courts and specifically from the Chief Justice and/or Court Administrator. Accordingly, this Court holds that within the contemplation of § 8-15-4, both factually and legally the position of Executive Director is an assistant to the Court Administrator; thus, serving at the pleasure of the Chief Justice.
Plaintiff argues that "even if one were to assume that the Executive Director serves at the pleasure of the Chief Justice, § 36-4-59
mandates that after 20 years of service, the Executive Director receives full status in his position." (Plaintiff's Memorandum of Law, page 7.) That section actually provides that if an incumbent has 20 years of service whether consecutive or not consecutive, whether classified or unclassified, that he (or she) shall be deemed at the end of the 20th year to have full status.
There are, of course, certain exceptions to that rule. The Court here notes, as above indicated, § 8-15-4 provides by specific statute for the means of appointment to this position. That is to say, by the Chief Justice. This Court now rules that § 8-15-4 permits the Chief Justice at any time, and from time to time, to designate who shall be the Court Administrator and who shall be his/her assistants. The cases referred to by both parties with specific reference to the trilogy of McCabe v. King, 221 A.2d 103 R.I. (1996); Casey v. Sundlun, 615 A.2d 481 R.I. (1992) and Donnelly v. Almond 695 A.2d 1007 R.I. (1997) lend support to this determination by reason of the fact that each deals with a statute involving a narrow number of people and is interpreted as specific legislation and trumps a more general statute of wide spread application such as § 36-4-59. Such a holding, of course, is consistent with § 43-3-26 which reads as follows:
 "§ 43-3-26 Conflicting general and special provisions.- Wherever a general provision shall be in conflict with a special provision relating to the same or to a similar subject, the two (2) provisions shall be construed, if possible, so that effect may be given to both; and in those cases, if effect cannot be given to both, the special provision shall prevail and shall be construed as an exception to the general provision."
Predicated on the above, this Court declares that the position of Executive Director of the state-wide judicial information system is for the purpose of § 8-15-4 an assistant to the Court Administrator. The Court further declares that the Chief Justice may from time to time and at any time appoint a person to that position and further the Court declares that anyone holding that position is not entitled to the benefits conferred by § 36-4-59.
Accordingly, plaintiff's request for injunctive relief is denied.
Counsel for the defendant shall present an appropriate order and judgment consistent herewith.